S91A0178, S91X0179. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA v. TYSON; and vice versa.
(404 SE2d 557)

BENHAM, Justice.

These are sovereign immunity cases. While a patient in a hospital operated by the Board of Regents (the Board), Tyson was assaulted by another patient. She sued the Board in tort and in contract for its failure to provide adequate security; the Board raised the defense of sovereign immunity. See OCGA § 20-3-36. The trial court directed a verdict for the Board on the tort action, holding that there was no insurance which would act as a waiver of sovereign immunity. In the

contract action, however, the trial court ruled that the suit was for the breach of a written contract and that the Board's immunity was therefore waived. The jury returned a verdict for Tyson. In Case No. S91A0178, the Board appeals from the judgment in Tyson's favor and from the trial court's ruling that the suit was for the breach of a written contract. In Case No. S91X0179, Tyson appeals the directed verdict for the Board in the tort action.

1. The importance of the existence of a written contract in Case No. S91A0178 stems from the constitutional waiver of sovereign immunity in actions based on written contracts:

> [T]he defense of sovereign immunity is waived as to any action ex contractu for the breach of any written contract now existing or hereafter entered into by the state or its departments and agencies. [Ga. Const. 1983, Art. I, Sec. II, Par. IX.]

Tyson's theory, which the trial court accepted in ruling that the action was for the breach of a written contract, was that the written contract was made up of all the records the hospital kept regarding Tyson, especially a document entitled "Consent to Hospital Care." Building on that position, Tyson asserted that her consent in that document to "routine care" amounted to a contract in which the Board promised to provide appropriate security against criminal conduct by others.

At the heart of Tyson's case is the principle that a written contract can consist of multiple documents. This court expressed that principle in *Baker v. Jellibeans, Inc.*, 252 Ga. 458, 460 (314 SE2d 874) (1984), holding that multiple documents may be considered together as a single contract "as long as all the necessary terms are contained in signed contemporaneous writings. . . ." The record in this case, however, does not contain "signed contemporaneous writings" which, taken together, contain all the necessary terms of a contract. Tyson has not indicated which documents, taken together with the "Consent to Care" form, contain the necessary terms of a contract, and our review of the documents put in evidence at trial has not revealed any such signed writings. We note, for instance, that nowhere in the hospital record relied upon by Tyson is any signed writing establishing the essential term of "consideration moving to the contract. . . ." See OCGA § 13-3-1. While there may have been a contract between the parties arising from their conduct,[1] that contract is not a written con-

---

[1] Parties may be as fully bound by an implied as by an express contract " ' "where the intentions of the parties are not expressed, but an agreement in fact creating an obligation is implied or presumed from their act." ' " *Dorsey v. Harrison*, 171 Ga. App. 774, 779 (320 SE2d

tract and is not contained in the "Consent to Care" signed by Tyson or in the other parts of her medical record. As a consequence, we must conclude as a matter of law that this is not an action based on a written contract. That being so, the Board's immunity under the doctrine of sovereign immunity was not waived and the Board was entitled to a directed verdict on the contract portion of Tyson's claims against the Board. The judgment in Tyson's favor on the contract claim must, therefore, be reversed and judgment entered for the Board.

2. In her cross-appeal, Tyson attacks a ruling by the trial court that the Board did not waive its immunity by the provision of liability insurance. Evidence at trial established that a self-insurance plan had been established by the Board, but that an amendatory endorsement deleted coverage of the Board by providing that

> the term "insured(s)" shall not include the interests of said Board, as a State agency, in any actions ex delicto wherein liability may arise pursuant to State law and nothing here shall be deemed a waiver of sovereign immunity.

Tyson contends that when the endorsement eliminated the self-insurance character of the Board's insurance plan, but retained coverage of the Board's employees, the Board became an insurer subject to the Insurance Code. Since the Board did not obtain a certificate of authority from the Insurance Commissioner, Tyson argues, the endorsement was void as against public policy. That being so, according to Tyson's theory, the self-insurer status of the Board which existed prior to the endorsement was resurrected and sovereign immunity was waived.

We agree with the trial court that Tyson's argument is untenable. In an opinion directed to the Insurance Commissioner in 1981, the Attorney General addressed the applicability of the Insurance Code to the Board. Op. Att'y Gen. 81-38. Citing the rule of statutory construction that statutes which do not explicitly mandate their application to the state or its agencies are not so applicable (OCGA § 1-3-8), the Attorney General concluded that since the definition of "person" in the Insurance Code (OCGA § 33-1-2 (5)) does not specifically include the state or its agencies, the Insurance Code does not apply to the Board. We find that reasoning persuasive and, adopting it, conclude that the endorsement was not void and the Board's immunity under the doctrine of sovereign immunity was not waived. Since that conclusion is entirely consistent with the conclusion of the trial court in this case with regard to the Board's defense to Tyson's tort claim,

we affirm that portion of the judgment.

*Judgment reversed in Case No. S91A0178; judgment affirmed in Case No. S91X0179. All the Justices concur, except Smith, P. J., who dissents.*

DECIDED JUNE 7, 1991 —
RECONSIDERATION DENIED JUNE 27, 1991.

*Michael J. Bowers, Attorney General, Nancy M. Gallagher, Assistant Attorney General,* for appellant.

*Morris & Webster, Craig A. Webster, Lee W. Fitzpatrick,* for appellee.