## S92A0528. WILSON v. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA.
(419 SE2d 916)

FLETCHER, Justice.

John T. Wilson sued the Board of Regents of the University System of Georgia, three medical doctors, and a nurse, alleging negligence and breach of contract in the death of his wife. The trial court granted the Board of Regents' motion to dismiss, holding that sovereign immunity barred the negligence claims and the absence of any written contract barred the contract claim. Wilson appeals. We affirm

on the contract claim, but reverse on the negligence claims.

1. The 1990 amendment to Art. I, Sec. II, Par. IX of the Constitution of Georgia does not withdraw any waiver of sovereign immunity for actions pending on the amendment's effective date of January 1, 1991. *Donaldson v. Dept. of Transp.*, 262 Ga. 49 (414 SE2d 638) (1992).[1] Wilson filed his complaint on August 14, 1990, prior to the amendment's effective date. At that time, the Board of Regents maintained a self-insurance program that provided liability insurance for board employees. Under the constitutional provision then in effect, the board waived sovereign immunity to the extent of the liability insurance provided. See 1983 Ga. Const., Art. I, Sec. II, Par. IX. Accordingly, we reverse the trial court's dismissal of the negligence claims based on sovereign immunity.

2. Both the 1983 Constitution and 1990 amendment provide for the waiver of sovereign immunity in contract actions. "[T]he defense of sovereign immunity is waived as to any action ex contractu for the breach of any written contract now existing or hereafter entered into by the state or its departments and agencies." Id. A consent form and other hospital records lacking the essential terms of a contract are not a written contract to which the waiver of sovereign immunity applies. *Board of Regents &c. of Ga. v. Tyson*, 261 Ga. 368, 369 (404 SE2d 557) (1991). The board and Mrs. Wilson did not enter into a written contract based on the consent form and ambulatory surgery patient agreement that Mrs. Wilson signed before her operation. The presence of medical students and taking of photographs for educational purposes do not provide consideration to establish a written contract. We affirm the dismissal of the contract claim.

3. The 1983 Constitution extended sovereign immunity "to the state and all of its departments and agencies." Ga. Const., Art. I, Sec. II, Par. IX. The Board of Regents is the state agency vested with the governance, control, and management of the University System of Georgia. Ga. Const., Art. VIII, Sec. IV, Par. I (b). Therefore, contrary to Wilson's argument, the board is an agency of the state to which sovereign immunity applies. *Pollard v. Bd. of Regents &c. of Ga.*, 260 Ga. 885, 887 (401 SE2d 272) (1991).

4. Because of our holding in Division 1, it is not necessary to address the remaining enumerations of error.

*Judgment affirmed in part and reversed in part. Clarke, C. J., Bell, P. J., Hunt, Benham and Sears-Collins, JJ., concur.*

---

[1] This court had not ruled on whether the 1990 constitutional amendment applied retroactively when Wilson filed this appeal, thus giving this court jurisdiction. See Ga. Const., Art. VI, Sec. VI, Par. II.

DECIDED SEPTEMBER 11, 1992.

*Burnside, Wall, Daniel & Ellison, Thomas R. Burnside, Jr., James B. Wall, Richard E. Allen,* for appellant.

*Michael J. Bowers, Attorney General, Alfred L. Evans, Jr., Senior Assistant Attorney General, Dennis R. Dunn, Assistant Attorney General, Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, Smith, Gambrell & Russell, Matthew S. Coles,* for appellee.