A06A1537. GADDIS et al. v. CHATSWORTH HEALTH CARE CENTER, INC.
(639 SE2d 399)

BERNES, Judge.

Appellants Inez Gaddis and Hazel Patterson brought the present action against appellee Chatsworth Health Care Center, Inc. seeking to recover damages for injuries that their mother allegedly sustained after falling at Chatsworth's nursing home facility. They appeal the trial court's order granting Chatsworth's motion to dismiss. For the reasons discussed below, we affirm.

In their complaint, appellants allege that their mother, Dorothy Stone, was an Alzheimer's patient and resident at Chatsworth's nursing home facility. On or about November 22, 2002, Stone suffered a series of falls at the nursing home. Following each of the first two falling incidents, Stone was treated at the Murray Medical Center emergency room, and was returned to the nursing home. On November 23, 2002, after returning to the nursing home, Ms. Stone suffered a third fall, which resulted in severe injuries to her eye, face and head. As a result of her injuries, appellants claim that Ms. Stone required surgery and hospitalization in the intensive care unit of Hamilton Medical Center.

Chatsworth moved to dismiss the complaint, contending that all of appellants' claims sounded in professional negligence and that dismissal was required because appellants had failed to file an expert

affidavit pursuant to OCGA § 9-11-9.1.[1] Following their retention of new counsel, appellants amended their complaint to allege that Chatsworth had received written instructions from Murray Medical Center "as to fall precautions" to follow with respect to Stone, but failed to implement such precautions after Stone returned to the nursing home from the emergency room.[2] Additionally, appellants submitted for the trial court's consideration the affidavit of James Robert Biggers, D.O., the emergency room physician at Murray Medical Center who treated Stone. Stone's medical records from Murray Medical Center were attached to the affidavit of Dr. Biggers. Based on the amendment to their complaint and the evidence they submitted, appellants argued that they had asserted an ordinary negligence claim predicated on Chatsworth's alleged failure to follow the written instructions provided by Murray Medical Center.

In response, Chatsworth argued that the evidence submitted by appellants reflected that Murray Medical Center simply told Chatsworth to institute "fall precautions," with the specific type of fall precautions to be implemented left to Chatsworth to determine in light of the needs of the specific patient and her surroundings. As such, Chatsworth contended that appellants' claim for failure to follow written instructions required an exercise of professional judgment and thus constituted a professional negligence claim. After considering the pleadings of the parties and the evidence submitted by appellants, the trial court granted Chatsworth's motion.

1. As an initial matter, we conclude that because the trial court considered evidence outside appellants' complaint, Chatsworth's motion to dismiss was converted into a motion for summary judgment.

> When matters outside the pleadings are considered by the trial court on a motion to dismiss for failure to state a claim, the motion is converted to a motion for summary judgment pursuant to OCGA § 9-11-56, and the trial court has the burden of informing the party opposing the motion that the

---

[1] OCGA § 9-11-9.1 (a) requires that "[i]n any action for damages alleging professional malpractice[,] . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim." A failure to file the required affidavit under OCGA § 9-11-9.1 (a) subjects the complaint to dismissal for failure to state a claim. *Bardo v. Liss*, 273 Ga. App. 103, 106 (2) (614 SE2d 101) (2005).

[2] In response to Chatsworth's motion to dismiss, appellants first filed an amended complaint to attach the expert affidavit of JoAnn Blevins, R.N. But, the initial failure to file an expert affidavit contemporaneously with the complaint in support of the alleged professional negligence claims was not cured by the subsequent amendment. See *Smith v. North Fulton Med. Center*, 200 Ga. App. 464, 466-467 (2) (408 SE2d 468) (1991). Thereafter, appellants filed their second amended complaint, which added the factual allegations concerning written instructions that are at issue here.

court will consider matters outside the pleadings and that, if the opposing party so desires, the party has no less than 30 days to submit evidence in response to the motion for summary judgment. *Cox Enterprises, Inc. v. Nix*, 273 Ga. 152, 153 (538 SE2d 449) (2000); OCGA § 9-11-12 (b).

(Citation omitted.) *Davis v. Phoebe Putney Health Systems*, 280 Ga. App. 505, 507 (2) (634 SE2d 452) (2006). The 30-day notice period can be waived through acquiescence of the party opposing the motion. Id. See also *Tucker v. Talley*, 267 Ga. App. 820, 823 (2) (600 SE2d 778) (2004).

Here, it was appellants as nonmovants who submitted documentary evidence in response to Chatsworth's motion, and, by doing so, "in effect[ ] requested that the motion be converted into one for summary judgment" and acquiesced in the trial court's decision not to give notice of the actual nature of the pending motion. *Davis*, 280 Ga. App. at 507 (2). Accordingly, Chatsworth's motion to dismiss was properly converted into a motion for summary judgment, and we will review it as such.

2. Appellants' amended complaint alleged that Chatsworth acted negligently "[b]y failing to follow written instructions from personnel of Murray Medical Center." Appellants contend that the trial court erred in treating this allegation as a claim for professional negligence rather than as a claim of ordinary negligence. "However, even if [appellants] did set forth a claim of ordinary negligence, the trial court did not err in granting summary judgment to [Chatsworth] on those claims because there was no evidence to support the ordinary negligence claim." *Tucker*, 267 Ga. App. at 824 (3).

"Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We review the grant of summary judgment de novo, construing the evidence in favor of the nonmovant." (Citations omitted.) *Gerber & Gerber, P.C. v. Regions Bank*, 266 Ga. App. 8 (596 SE2d 174) (2004).

In the present case, the affidavit of Dr. Biggers and the hospital records attached thereto reflect that Stone was released from the hospital simply with the general instruction that Chatsworth take "fall precautions." There is no additional evidence in the record that Chatsworth was ever given a list of specific precautions to be implemented; rather, the decision over what specific fall precautions to take was left to the medical judgment of the Chatsworth medical staff. As such, this case does not materially differ from *Robinson v. Med. Center of Central Ga.*, 217 Ga. App. 8, 9 (456 SE2d 254) (1995), where we held that the defendant medical center's alleged failure to implement a "fall risk protocol" constituted a professional negligence

claim, given that the medical center staff was permitted to exercise its professional judgment over what specific steps should be taken to implement the protocol in a given patient's case. Compare *Dent v. Mem. Hosp. of Adel*, 270 Ga. 316, 318 (509 SE2d 908) (1998) ("nurses' alleged failure . . . to activate the alarm on the apnea monitor as the doctor had ordered" could constitute ordinary negligence); *Smith v. North Fulton Med. Center*, 200 Ga. App. 464, 465-466 (1) (408 SE2d 468) (1991) (placing patient's bed rails in "down" position, despite a prior nursing assessment providing that the rails should be placed in the "up" position, could constitute ordinary negligence).

However, citing to *Brown v. Tift County Hosp. Auth.*, 280 Ga. App. 847 (635 SE2d 184) (2006), appellants contend that Chatsworth's alleged failure to properly implement fall precautions and adequately supervise Stone, when combined with the fact that Chatsworth had actual knowledge that Stone had already fallen twice within the past 24 hours, could be considered ordinary negligence. We disagree. Our recent decision in *Brown* cannot be construed so broadly. *Brown*, when read in conjunction with *Brown v. Durden*, 195 Ga. App. 340, 342 (393 SE2d 450) (1990), stands for the proposition that a claim for ordinary negligence is presented under the unique circumstance where the defendant leaves the patient wholly unattended, despite the fact that the patient tells the defendant that he or she is about to fall, or is exhibiting physical symptoms (such as nausea or dizziness) while in the defendant's immediate presence that demonstrate that a fall is imminent. There was no evidence of such a circumstance in this case.

For these reasons, we conclude that summary judgment was appropriate because appellants presented no evidence to support an ordinary negligence claim. While appellants' complaint sets forth unfortunate facts and circumstances, appellants' failure to file an expert affidavit contemporaneously with their complaint as required by OCGA § 9-11-9.1 was fatal to their professional negligence claims. The trial court thus did not err in granting Chatsworth's motion.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 29, 2006 — 

*Cook & Connelly, Bobby Lee Cook, William W. Keith III, Hardy Gregory, Jr.*, for appellants.

*Sponcler & Tharpe, Henry C. Tharpe, Jr., Hawkins & Parnell, Debra E. LeVorse, David C. Marshall*, for appellee.