A07A1358. WELLSTAR HEALTH SYSTEM, INC. v. PAINTER.
(655 SE2d 251)

ELLINGTON, Judge.

Pursuant to a granted interlocutory appeal, Wellstar Health System, Inc. d/b/a Wellstar Kennestone Hospital ("Wellstar") appeals from the order of the State Court of Cobb County denying its motion for summary judgment. Because the unrebutted evidence showed that Michael Painter's claims sounded in professional negligence rather than ordinary negligence, and Painter failed to file contemporaneously with his complaint the expert affidavit required by OCGA § 9-11-9.1 (a), the trial court erred in denying Wellstar's motion. Therefore, we reverse.

On February 3, 2006, Painter filed this action against Wellstar without an expert affidavit seeking damages for injuries he suffered when he, while hospitalized, took the wrong medication. On March 14, 2006, Wellstar filed a motion to dismiss, contending that Painter's

---

claims sounded in professional negligence only and an expert affidavit was a jurisdictionally required prerequisite under OCGA § 9-11-9.1 (a). The hearing on the motion was held six months later, on September 18, 2006. Although Wellstar filed a motion to dismiss, the state court, with the consent of the parties, converted the motion to a motion for summary judgment upon considering matters outside the pleadings. The court gave the parties additional time to file affidavits, depositions, or other evidence in support of their positions. Because the motion was treated as a motion for summary judgment, we apply the standard for reviewing a denial of summary judgment, not the standard applicable to a motion to dismiss. See *Simmons v. Brady*, 251 Ga. App. 717, 718 (1) (555 SE2d 94) (2001).

Upon motion for summary judgment, it is the movant's burden to show that no jury question remains and that the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). The movant may discharge such burden by reference to affidavits, depositions, and other documentary evidence in support of the nonmovant's case. Id. After the movant discharges this burden, the nonmovant cannot rest on the pleadings, but instead must come forward with evidence giving rise to a triable issue. OCGA § 9-11-56 (e); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We review the trial court's decision on motion for summary judgment de novo, "viewing the evidence in the light most favorable to the nonmovant, to determine whether a genuine issue of material fact exists and whether the moving party was entitled to judgment as a matter of law." (Citation omitted.) *Gilhuly v. Dockery*, 273 Ga. App. 418, 418-419 (615 SE2d 237) (2005).

So viewed, the record reveals the following evidence, which was submitted by Wellstar and taken from Painter's own deposition testimony. Upon the advice of a plastic surgeon, Painter returned to Kennestone Hospital following an initial emergency room visit to be treated for burns to his back. After having been hospitalized for three days, Painter deposed that a nurse[1] forced him to take three large cups full of pills. Each cup contained from six to ten different pills. Painter deposed that the nurse said: "[T]hat's what your doctor prescribed for you to take." When Painter protested and told the nurse that he did not believe he was supposed to take all those pills and that he wanted to see his doctor, the nurse said: "I'm in charge right now and I'm telling you you're going to take your medication." Painter took the pills and the nurse left the room. Shortly thereafter, the nurse returned, upset and crying, and said: "[P]lease tell me you

---

[1] Painter made no legal argument here or in the state court challenging the admissibility or competency of his testimony that the person who gave him the pills was, in fact, a nurse. Rather, he argues that even if this person was a professional, her acts were not acts of professional negligence but of ordinary negligence.

didn't take all the pills." Painter responded, "[M]a'am, you made me take them." Painter deposed that, shortly after taking the pills, he felt "woozy," went into cardiac arrest, and was rushed to the intensive care unit for treatment. Painter deposed that, before he lost consciousness, he observed the "head nurse" immediately fire the nurse who had forced him to take the medication. He heard the head nurse say: "[H]ow could you have made such a mistake as this[?]" Wellstar admitted that Painter received the wrong medication and did not charge him for any hospital expenses associated with correcting what it deemed a "medication error."[2] Painter has not pointed to any record evidence that contradicts his deposition testimony.[3]

Wellstar contends the trial court should have granted summary judgment in its favor because, based on the evidence adduced, Painter's medication error could only be construed as one sounding in professional malpractice, a claim which must be accompanied by an affidavit pursuant to OCGA § 9-11-9.1 (a). Although Painter's complaint may have been construed initially as one sounding in ordinary negligence,[4] upon summary judgment his own deposition testimony not only disproved his claim for ordinary negligence, it established that a nurse ordered him to take the wrong medication, a claim which sounds in professional negligence only. As we have held,

> [w]hether an action alleges professional malpractice or simple negligence depends on whether the professional's alleged negligence required the exercise of professional judgment

---

[2] We note that, contrary to Painter's assertion in his brief, a defendant's admission of inadvertence does not relieve a plaintiff of the statutory obligation of complying with OCGA § 9-11-9.1 in professional negligence cases. *Johnson v. Brueckner*, 216 Ga. App. 52, 53 (1) (453 SE2d 76) (1995).

> While such an admission against interest is admissible as evidence and may be sufficient to present an issue of fact for jury resolution in response to a motion for summary judgment, OCGA § 9-11-9.1 imposes an initial pleading requirement on a plaintiff which must be complied with prior to the consideration of any evidentiary matters on the merits of a professional negligence claim.

(Citations omitted.) Id.

[3] In his brief, Painter relied on the certified medical records adduced in response to his discovery requests. Although those records indicate that a nurse was present when Painter took the wrong medication, Painter did not depose or obtain an affidavit from that nurse or from any other hospital employee to be used as evidence. Further, it does not appear that the medical records were made a part of the summary judgment record below. Painter may not rely on any hearsay statements contained within those records as evidence in support of his case. See *Lance v. Elliott*, 202 Ga. App. 164, 167 (413 SE2d 486) (1991). Finally, even if this court were to consider the medical records as evidence, they do not contradict Painter's testimony, but show that a nurse was in attendance when Painter took the wrong medications.

[4] Painter averred that "agents and/or servants" of Wellstar allowed him to "become poisoned by placing at or near [him] medications that were not his but another patient's." Such an act, if indeed it was one that did not require the exercise of professional judgment, can be an act of simple negligence, even though performed by a medical professional. *Flowers v. Mem. Med. Center*, 198 Ga. App. 651, 652 (402 SE2d 541) (1991).

and skill. It is a question of law for the court to decide. A professional negligence or professional malpractice claim calls into question the conduct of the professional in his area of expertise. Administrative, clerical, or routine acts demanding no special expertise fall in the realm of simple negligence. We have previously held that a nurse's failure to activate an alarm, as a doctor ordered, was ordinary negligence. Likewise, claims that employees failed to carry out instructions and that hospitals failed to have appropriate equipment alleged ordinary negligence. However, if a claim of negligence goes to the propriety of a professional decision rather than to the efficacy of conduct in the carrying out of a decision previously made, the claim sounds in professional malpractice.

(Punctuation and footnotes omitted.) *Upson County Hosp. v. Head*, 246 Ga. App. 386, 389 (1) (540 SE2d 626) (2000).

Here, according to Painter's own uncontradicted deposition testimony,[5] a nurse, a medical professional,[6] insisted that Painter take a large amount of medication, despite his protestations and his request to see his doctor. At issue here is a medical judgment made by a nurse acting in her capacity as a nurse.[7] She was not simply effecting a judgment previously made by another, she was exercising an independent medical judgment that required her to evaluate whether Painter's medications were correct. Whether the nurse should have known that the amount and type of pills prescribed were unusual for a patient in Painter's condition, whether she should have checked a chart to make sure the medication was, in fact, prescribed for Painter, and whether she should have consulted with Painter's doctor, another nurse, or a pharmacist to confirm that the drugs and the dosages were correct, especially given Painter's protestations, are all medical questions. They are not questions of ordinary negligence,

---

[5] Although Painter argues in his brief that, as averred in his complaint, he also could have been poisoned by medications inadvertently left within his reach, "the complaint is not evidence and thus may not be considered *in deciding a motion for summary judgment.* OCGA § 9-11-56 (e)." (Emphasis supplied.) *Clements v. Hendi*, 182 Ga. App. 118, 119 (2) (354 SE2d 700) (1987).

[6] OCGA § 9-11-9.1 (a) applies to professional malpractice committed by nurses. OCGA § 9-11-9.1 (g) (12).

[7] Compare *Candler Gen. Hosp. v. McNorrill*, 182 Ga. App. 107, 110 (2) (354 SE2d 872) (1987) ("The decisive factor in the injury forming the basis of this litigation was not a medical misjudgment, but was apparently either a subjective misjudgment on appellee's part as to his own physical ability to assist in his attempted transfer or an objective misjudgment on the part of one of appellant's employees, who happened to be a nurse, as to his own physical ability to support all 292 pounds of appellee's weight.") with *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200 (345 SE2d 904) (1986) (where plaintiff attributed her injury to a nurse's act of administering an injection).

they are questions concerning whether the nurse deviated from the standard of care required of nurses, the resolution of which requires expert testimony and which thus requires the plaintiff to attach an expert affidavit to the complaint. As we have explained:

> To decide whether an expert affidavit is required for a particular case, the court must determine whether the case involves a "medical question." If the issue of negligence involved is a medical question, OCGA § 9-11-9.1 applies, and the plaintiff is required to attach an expert affidavit to his complaint. "Medical questions" have been defined as those "concerning highly specialized expert knowledge with respect to which a layman can have no knowledge at all, and the court and jury must be dependent on expert evidence." Examples of medical questions include cases where the plaintiff alleges *the use of inappropriate medication, wrongful administration of medication,* or failure to properly assess the degree of support required by a patient.

(Footnotes omitted; emphasis supplied.) *Shirley v. Hosp. Auth. of Valdosta/Lowndes County,* 263 Ga. App. 408, 409 (1) (587 SE2d 873) (2003). Contrary to Painter's argument, "this is not a case involving merely administrative actions by the employees, such as simply moving the patient or leaving the patient unsupervised and unrestrained." (Footnotes omitted.) Id. at 410 (1).

Because Painter's unrebutted deposition testimony establishes that professional and not ordinary negligence forms the basis for his complaint, and because such a claim required the filing of a supporting expert affidavit pursuant to OCGA § 9-11-9.1 (a), which was absent in this case, the state court erred in denying Wellstar's motion for summary judgment.

*Judgment reversed. Andrews, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 29, 2007.

*Downey & Cleveland, William C. Anderson,* for appellant.
*Richard L. Powell,* for appellee.