## A11A1707. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA v. RUFF.
### (726 SE2d 451)

PHIPPS, Presiding Judge.

John T. Ruff filed suit against the Board of Regents of the University System of Georgia for breach of contract, to recover money he paid for his son to attend study abroad programs. The Board of Regents moved for summary judgment on the ground that the suit was barred by the doctrine of sovereign immunity because no written

---

contract existed. The trial court denied that motion, and the Board of Regents appeals. We find that there was no waiver of sovereign immunity, and reverse.

On appeal from the denial or grant of summary judgment, the appellate court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[1]

These facts are undisputed. In January 2006, Ruff's son, who was a student at the University of Georgia, submitted an application to the University for acceptance into two study abroad programs offered by the University. A written refund policy and schedule was included as part of the application form for the program. The son was accepted into the program, and Ruff paid program fees to the University. The students participating in the programs were scheduled to depart the country on May 12, 2006.

The son was on probation, and on May 3, 2006 was arrested for violating a condition of his probation; he was thereafter released from jail. On or about May 10, 2006, a probation officer notified a University official that the son had violated his probation and that the probation officer would be recommending revocation of his probation and confinement in jail. The following day, a University representative notified Ruff that his son would not be permitted to attend the study abroad programs without the probation officer's consent. On May 11, 2006, the son voluntarily surrendered himself to his probation officer, and Ruff contacted the University's foreign studies program coordinator and requested a refund. The son did not gain his probation officer's consent to leave the country, and he did not attend the foreign study abroad programs.

Ruff filed a complaint for breach of contract, demanding reimbursement of the program fees he had paid for his son to attend the study abroad programs. The Board of Regents filed a motion to dismiss, contending that sovereign immunity barred Ruff's breach of contract suit. Ruff filed a response to the Board of Regents' motion to dismiss and attached documentary exhibits which had not been included as part of his original complaint or otherwise made part of

---

[1] *Watts v. City of Dillard*, 294 Ga. App. 861 (670 SE2d 442) (2008) (citation and punctuation omitted).

the record. On July 27, 2010, the trial court, without stating whether it had considered the exhibits, denied the motion to dismiss.

Discovery commenced. On December 28, 2010, the Board of Regents filed a motion for summary judgment, again contending that Ruff's suit was barred by sovereign immunity and that there was no written contract which would waive the claim of sovereign immunity. Ruff filed a cross-motion for summary judgment. On March 2, 2011, the trial court denied both motions, finding that "there are questions of material fact and issues of law that are as yet unresolved in the case and that summary judgment as to either party is not appropriate." This appeal ensued.

1. As an initial matter, we must consider Ruff's contention that this court lacks jurisdiction to hear this appeal because the Board of Regents' notice of appeal was not filed within 30 days from the entry of the order denying its motion to dismiss.[2] Ruff argues that the Board of Regents' motion for summary judgment, filed on the same grounds as asserted in its prior motion to dismiss and five months after the entry of an order denying the motion to dismiss, did not extend the time for appeal.

> If, on motion to dismiss for failure to state a claim, the trial court elects to consider matters outside of the pleadings, the motion shall be treated as one for summary judgment and disposed of as provided in Code Section 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by that code section.[3]

"While the trial court may, on its own motion, convert a motion to dismiss into a motion for summary judgment, it must insure that the respondent to the motion has a full and final opportunity to controvert the assertions against him."[4] This opportunity consists of notice that the motion will be converted and additional time to submit affidavits, depositions, or other evidence.[5]

---

[2] See generally OCGA § 5-6-38 which pertinently provides "[a] notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."

[3] Cox Enterprises v. Nix, 273 Ga. 152, 153 (538 SE2d 449) (2000) (punctuation omitted) (reversed in part on other grounds, 274 Ga. 801, 803 (1) (560 SE2d 650) (2002)); Johnson v. RLI Ins. Co., 288 Ga. 309, 310 (704 SE2d 173) (2010); OCGA § 9-11-12 (b).

[4] Simmons v. Brady, 251 Ga. App. 717, 718 (1) (555 SE2d 94) (2001) (citation and punctuation omitted); see Wellstar Health System v. Painter, 288 Ga. App. 659, 660 (655 SE2d 251) (2007).

[5] OCGA §§ 9-11-12 (b), 9-11-56; Wellstar Health System, supra; Simmons, supra.

Here, the Board of Regents filed a motion to dismiss, and Ruff was the only party to introduce evidence outside of the record. The Board of Regents never introduced evidence either in support of its motion to dismiss or in reply to Ruff's response and exhibits. And there is no indication in the record that the trial court gave the parties notice that it was converting the motion to dismiss into a motion for summary judgment. There is also no indication in the record that the trial court, in its ruling on the motion to dismiss, considered Ruff's exhibits or any evidence outside of the pleadings. Indeed, the order states, in part, that the case was before the court "on Defendant's Motion to Dismiss," and that it was ordered and adjudged "that Defendant's Motion to Dismiss is DENIED."

The record shows that after the trial court ruled on the motion to dismiss, discovery ensued. The Board of Regents responded to Ruff's discovery requests and submitted an affidavit (with attachment). The exhibits attached to Ruff's response to the motion to dismiss and the evidence produced through discovery advanced the litigation to a different point,[6] and the Board of Regents was entitled to challenge Ruff's claims by summary judgment motion; likewise Ruff filed a cross-motion for summary judgment. Ruff cites no authority which would preclude the Board of Regents from filing a motion for summary judgment on the same grounds as its motion to dismiss. As the denial of its motion for summary judgment involved a decision regarding sovereign immunity, the Board of Regents had a direct right to appeal under the collateral order doctrine.[7]

2. The Board of Regents contends that the trial court erred in denying its motion for summary judgment because Ruff's suit was barred by the doctrine of sovereign immunity. Specifically, the Board of Regents argues that its defense of sovereign immunity was not waived because there was no written contract between the parties. We agree.

---

[6] *Charles H. Wesley Education Foundation v. State Election Bd.*, 282 Ga. 707, 714 (1) (654 SE2d 127) (2007) (in ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, a court must assume the *factual allegations* of the complaint are true, even if they are doubtful in fact; the critical question is whether, under the assumed set of facts, a right to some form of legal relief would exist); cf. *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (summary judgment is proper if the *pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,* if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law).

[7] *Board of Regents &c. of Ga. v. Canas*, 295 Ga. App. 505, 507 (1) (672 SE2d 471) (2009); *Strength v. Lovett*, 311 Ga. App. 35 (714 SE2d 723) (2011) (appeal from the denial of a motion for summary judgment asserting, among other things, sovereign immunity).

"The doctrine of sovereign immunity, also known as governmental immunity, protects all levels of governments from legal action unless they have waived their immunity from suit."[8] "The Board of Regents is the state agency vested with the governance, control, and management of the University System of Georgia."[9] Sovereign immunity applies to the Board of Regents.[10] The issue of whether there was a written contract is critical in this case because both the 1983 Georgia Constitution and its 1990 amendment provide for the waiver of sovereign immunity in contract actions.[11] Indeed, "[t]he defense of sovereign immunity is waived as to any action ex contractu for the breach of any *written* contract . . . entered into by the state or its departments and agencies."[12] "A waiver of sovereign immunity must be established by the party seeking to benefit from that waiver."[13]

"An implied contract will not support a waiver of immunity under the provisions of the Georgia Constitution."[14] "The doctrine of sovereign immunity requires that the conditions and limitations of the statute that waives immunity be strictly followed."[15]

> [A] valid written contract may be formed when there are multiple, *signed*, contemporaneous agreements between the parties which demonstrate their intent to enter into a binding contract and the individual documents, considered together, include all of the necessary terms of a contract.[16]

As evidence of a contract, Ruff presented a copy of the completed application his son signed and submitted for acceptance into the study abroad programs, a copy of the written refund policy and schedule, and excerpts from a manual which govern the University's

---

[8] *Cameron v. Lang*, 274 Ga. 122, 126 (3) (549 SE2d 341) (2001) (footnote omitted); *Watts*, supra at 862 (1); *Weaver v. City of Statesboro*, 288 Ga. App. 32, 33 (1) (653 SE2d 765) (2007).

[9] *Wilson v. Board of Regents &c. of Ga.*, 262 Ga. 413, 414 (3) (419 SE2d 916) (1992); *Board of Regents &c. of Ga. v. Doe*, 278 Ga. App. 878, 885 (2) (a) (630 SE2d 85) (2006); Ga. Const. of 1983, Art. VIII, Sec. IV, Par. I (b); OCGA §§ 20-3-21, 20-3-31.

[10] *Wilson*, supra.

[11] *Wilson*, supra at 414 (2); *Board of Regents &c. of Ga. v. Tyson*, 261 Ga. 368, 369 (1) (404 SE2d 557) (1991).

[12] *Wilson*, supra (citation and punctuation omitted; emphasis supplied); *Tyson*, supra.

[13] *McCobb v. Clayton County*, 309 Ga. App. 217, 218 (1) (a) (710 SE2d 207) (2011) (citation and punctuation omitted); *Merk v. DeKalb County*, 226 Ga. App. 191, 192-193 (1) (486 SE2d 66) (1997) (plaintiff must show that contract at issue was in writing in order to demonstrate a waiver of sovereign immunity); *Doe*, supra at 881 (1).

[14] *Watts*, supra at 863 (1) (citation and punctuation omitted).

[15] *Dept. of Human Resources v. Hutchinson*, 217 Ga. App. 70, 71 (1) (456 SE2d 642) (1995) (citation and punctuation omitted).

[16] *Doe*, supra at 879-881 (1) (a) (emphasis supplied); *Baker v. Jellibeans*, 252 Ga. 458 (314 SE2d 874) (1984); *Tyson*, supra.

study abroad program. But none of these documents was signed by a representative of the Board of Regents or a representative of the University of Georgia. As such, there was no evidence which demonstrated the intent of the Board of Regents to enter into a binding contract with Ruff.

As the foregoing demonstrates, there was no written contract in existence between Ruff and the Board of Regents. Accordingly, there has been no waiver of sovereign immunity, and the trial court erred in denying the Board of Regents' motion for summary judgment.[17] The judgment of the trial court is reversed.

*Judgment reversed. Andrews and McFadden, JJ., concur.*

DECIDED MARCH 13, 2012 —
RECONSIDERATION DENIED APRIL 10, 2012 — 

*Samuel S. Olens, Attorney General, William W. Banks, Jr., Robin J. Leigh, Assistant Attorneys General,* for appellant.
*John T. Ruff,* pro se.

---

[17] See *Polk County v. Ellington*, 306 Ga. App. 193, 199 (1) (702 SE2d 17) (2010); *Tyson*, supra at 370 (1).