**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 29, 2013**

# In the Court of Appeals of Georgia

A13A0473. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA v. BARNES.

MILLER, Judge.

This appeal arises from Thomas Barnes's breach of contract action against The Board of Regents of the University System of Georgia (the "Board") seeking damages related to his expulsion without notice or hearing by Valdosta State University ("VSU"). The Board moved to dismiss Barnes's complaint on the ground of sovereign immunity. The trial court denied the Board's motion to dismiss, finding that the Board's defense of sovereign immunity was waived because Barnes established the existence of valid written contracts. . Since we find that the trial court erred in concluding that there was a valid written contract between Barnes and the Board, the doctrine of sovereign immunity precludes this action and we reverse.

In his complaint, Barnes alleges that when he enrolled in VSU in January 2007, he provided confidential medical information to VSU's Access Office. Barnes subsequently signed a VSU counseling services intake form, providing that all written and verbal information provided to the counseling center would be confidential. In March 2007, Barnes posted a series of fliers around the VSU campus expressing his opposition to a planned parking deck, and emailed his concerns to VSU's president, student government association, faculty environmental committee and others.

VSU President Ronald M. Zaccari met with Barnes in his office, and subsequently notified Barnes in writing that he had been administratively withdrawn, effective May 7, 2007, because he was considered to be a clear and present danger to the campus. The administrative withdrawal letter referenced Board of Regents Policy 1902, which states that any student who obstructs or disrupts campus activities or who attempts to do so is subject to disciplinary procedures, including possible dismissal from VSU.

Barnes filed the instant action against the Board[1] alleging that the policies and provisions in the VSU student handbook, which sets forth policies for student disciplinary procedures, including Board of Regents Policy 1902, and the contracts for student housing established a binding agreement between Barnes and the Board. Barnes also alleged that policies regarding the confidentiality of student information kept by VSU's Access Office and Counseling Center constituted binding contractual commitments.

The Board answered and moved to dismiss Barnes's complaint, contending that sovereign immunity barred Barnes's claims. Barnes's response to the Board's motion included unauthenticated documentary exhibits, including an unsigned partial copy of the VSU Student Code of Conduct, and a VSU Counseling Center consent form. Neither of these documents was included as part of Barnes's complaint or otherwise made part of the record.

---

[1] Barnes first filed suit for breach of contract in federal court against the Board, Zacchari and others. Although the district court granted summary judgment to Barnes on his breach of contract claim, the United States Court of Appeals for the Eleventh Circuit reversed that decision, holding that the district court lacked jurisdiction to decide Barnes' breach of contract claim. See *Barnes v. Zaccari*, 669 F. 3d 1295, 1309 (V) (2) (B) (11th Cir. 2012).

The trial court denied the motion to dismiss, finding that Barnes established the existence of valid written contracts and, therefore, the Board's sovereign immunity defense was waived. The trial court specifically referred to language in the student code of conduct and found that the document demonstrated an intent to enter into a binding agreement. The trial court's order also specifically referred to the counseling center document. This appeal ensued. For the following reasons, we reverse.

1. As an initial matter, we note that the trial court considered matters outside the pleadings in finding that the unauthenticated partial student code of conduct and counseling center document, which were not included as part of Barnes's complaint, constituted valid written contracts.

> If, on motion to dismiss for failure to state a claim, the trial court elects to consider matters outside of the pleadings, the motion shall be treated as one for summary judgment and disposed of as provided in [OCGA §] 9-11-56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by that code section. While the trial court may, on its own motion, convert a motion to dismiss into a motion for summary judgment, it must insure that the respondent to the motion has a full and final opportunity to controvert the assertions against him. This opportunity consists of notice that the motion will be converted and additional time to submit affidavits, depositions, or other evidence.

(Punctuation and footnotes omitted.) *Bd. of Regents of the Univ. System of Georgia v. Ruff*, 315 Ga. App. 452, 454 (1) (726 SE2d 451) (2012).

Here, it was Barnes as the nonmovant who submitted documentary evidence in response to the Board's motion, and, by doing so,

> in effect requested that the motion be converted into one for summary judgment and acquiesced in the trial court's decision not to give notice of the actual nature of the pending motion. Accordingly, [Barnes's] motion to dismiss was properly converted into a motion for summary judgment, and we will review it as such.

(Citation and punctuation omitted.) *Gaddis v. Chatsworth Health Care Center*, 282 Ga. App. 615, 617 (1) (639 SE2d 399) (2006).

2. The Board contends that Barnes's contract claims are barred by sovereign immunity. Specifically, the Board argues that its defense of sovereign immunity was not waived because there was no written contract between the parties. We agree.

> The Georgia Constitution provides that sovereign immunity extends to the State and all of its departments and agencies, and that the State's sovereign immunity can only be waived by a constitutional provision or an Act of the General Assembly that specifically provides for such waiver and the extent thereof. Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e).

5

(Citations, punctuation and footnote omitted.) *Ga. Dept. of Community Health v. Data Inquiry, LLC*, 313 Ga. App. 683, 685 (1) (722 SE2d 403) (2012). The Board is the state agency vested with the governance, control, and management of the University System of Georgia, and sovereign immunity applies to the Board. See *Ruff*, supra, 315 Ga. App. at 456 (2). In this case, the issue of whether there was a valid written contract is critical because, "the defense of sovereign immunity is waived as to any action ex contractu for the breach of any *written* contract entered into by the state or its departments and agencies." (Punctuation and footnote omitted.) Id. Moreover, as the party seeking to benefit from this waiver, Barnes, not the Board, had the burden of proof on this issue. See *Georgia Dept. of Corrections v. James*, 312 Ga. App. 190, 193 (718 SE2d 55) (2011).

The doctrine of sovereign immunity requires that the conditions and limitations of the statute that waives immunity be strictly followed, and an implied contract will not support a waiver of immunity under the provisions of the Georgia Constitution. See *Ruff*, supra, 315 Ga. App. at 456 (2). However, "[a] valid written contract may be formed when there are multiple, signed, contemporaneous agreements between the parties which demonstrate their intent to enter into a binding contract and the individual documents, considered together, include all of the necessary terms of a

6

contract." (Punctuation and footnote omitted.) Id; see also *Bd. of Regents of Univ. System v. Tyson*, 261 Ga. 368, 369 (1) (404 SE2d 557) (1991).

Viewed in the light most favorable to Barnes as the nonmovant,[2] the evidence shows only an unauthenticated partial copy of the student code of conduct, which is not signed by either party, and a counseling center consent form, which was only signed by Barnes. Since neither of these documents was signed by a representative of the Board or a representative of VSU, they do not constitute signed, contemporaneous agreements between the parties which demonstrate their intent to enter into a binding contract. See *Tyson*, supra, 261 Ga. at 369 (1) (sovereign immunity not waived absent signed contemporaneous writings, which taken together, contain necessary elements of contract); *Ruff*, supra, 315 Ga. App. at 456-457 (2) (sovereign immunity not waived where application for study abroad program, copy of refund policy and excerpts from study abroad program manual were not signed by representative of Board or University). Accordingly, the Board did not waive sovereign immunity, and the Board was entitled to summary judgment on Barnes's breach of contract claims.

*Judgment reversed. Barnes, P. J., and Ray, J., concur.*

---

[2] See *Geico Gen. Ins. Co. v. Wright*, 299 Ga. App. 280 (682 SE2d 369) (2009).