**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**September 25, 2013**

# In the Court of Appeals of Georgia

A13A1328. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA v. BROOKS et al.

MILLER, Judge.

James Brooks and sixty-eight other individuals (collectively "the Plaintiffs") brought the instant lawsuit seeking to recover damages they sustained when their former employer failed to compensate the Plaintiffs for work performed under a contract with Georgia Southern University ("GSU"). The Plaintiffs alleged that the Board of Regents of the University System of Georgia ("Board of Regents") was negligent in failing to confirm the validity of a payment bond that was presented to GSU.[1] The Board of Regents moved to dismiss the complaint, contending, among

---

[1] The Plaintiffs also sued their former employer, LaSonja R. Linder-Bently d/b/a LRL Ventures and Management ("LRL"), and the claims against LRL are not at issue on appeal.

other things, that the claims were barred by sovereign immunity and the applicable statute of limitation and the Plaintiffs failed to state a claim upon which relief could be granted. The trial court denied the Board of Regents' motion, and the Board of Regents appeals from that ruling. Since we find that sovereign immunity bars the instant action against the Board of Regents, we reverse.

"On appeal, this Court reviews the denial of a motion to dismiss de novo. However, we construe the pleadings in the light most favorable to the plaintiff with any doubts resolved in the plaintiff's favor." (Citation and punctuation omitted.) *Ga. Dept. of Community Health v. Data Inquiry, LLC*, 313 Ga. App. 683 (722 SE2d 403) (2012).[2] "The party seeking to benefit from the waiver of sovereign immunity has the burden of proof to establish waiver[.]" (Punctuation and citation omitted.) *Bonner*, supra, 301 Ga. App. at 443.

---

[2] A motion to dismiss on sovereign immunity grounds is based upon the trial court's lack of subject matter jurisdiction, and as a result, a trial court is entitled to make factual findings necessary to resolve the jurisdictional issue. See OCGA § 9-11-12 (b) (1); *Dept. of Transp. v. Dupree*, 256 Ga. App. 668, 676 (1) (c) (570 SE2d 1) (2002). When the trial court determines the jurisdictional issue based upon conflicting facts, the court's determination is reviewed on appeal under the any evidence rule. *Bonner v. Peterson*, 301 Ga. App. 443 (687 SE2d 676) (2009). In this case, however, the trial court did not make any factual findings, and therefore we accept the Plaintiffs' allegations as true for purposes of this appeal.

So viewed, the allegations show that in November 2009, LRL and GSU entered into a maintenance and service contract, which included the cleaning of rooms and the refinishing of floors at GSU's facilities ("GSU contract"). To obtain the GSU contract, LRL submitted to GSU a payment bond purported to have been issued by The Hartford Fire Insurance Company ("Hartford"). Soon after execution of the contract, the Plaintiffs, who were all hourly-wage employees of LRL, began working pursuant to the GSU contract. LRL, however, failed to pay wages owed to the Plaintiffs for work performed between November 2009 and June 2010. In July 2010, the Plaintiffs submitted a claim on the payment bond, but were informed by Hartford that the bond was a forgery. The Plaintiffs then filed the instant suit against the Board of Regents, alleging that the Board of Regents "owed a duty to Plaintiffs to obtain, confirm and [e]nsure the existence of a valid payment bond under OCGA §§ 13-10-62, 13-10-63" and that its failure to do so constituted negligence and negligence per se.

The Board of Regents denied liability and moved to dismiss the suit on the grounds the suit was barred by sovereign immunity and the applicable statute of limitations, the Plaintiffs failed to comply with ante litem notice requirements under OCGA § 50-21-26 (a) of the Georgia Tort Claims Act ("GTCA), and OCGA §§ 13-

3

10-62 and 13-10-63 did not provide the Plaintiffs relief. The trial court denied the motion to dismiss, and the Board of Regents now appeals from the trial court's order.

1. The Board of Regents argues that the Plaintiffs could not recover from the Board because of sovereign immunity. We agree.

> The Georgia Constitution provides that sovereign immunity extends to the State and all of its departments and agencies, and that the State's sovereign immunity can only be waived by a constitutional provision or an Act of the General Assembly that specifically provides for such waiver and the extent thereof. Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e).

(Citations, punctuation and footnote omitted.) *Data Inquiry*, supra, 313 Ga. App. at 685 (1). "The Board of Regents is the state agency vested with the governance, control and management of the University System of Georgia," and, therefore, is entitled to sovereign immunity from suit unless the legislature has waived its immunity. *Bd. of Regents of Univ. System of Ga. v. Ruff*, 315 Ga. App. 452, 456 (2) (726 SE2d 451) (2012).

> The Legislature enacted the [Georgia Tort Claims Act ("GTCA")], OCGA § 50-21-20 et seq., in order to balance strict application of the doctrine of sovereign immunity against the need for limited exposure of the State treasury to tort liability. While recognizing the inherently unfair and inequitable results which occur in the strict application of the traditional doctrine of sovereign immunity, the legislature also realized that in acting for the public good and in responding to public need, state government must provide a broad range of services and perform a broad

4

range of functions throughout the entire state, regardless of how much exposure to liability may be involved. OCGA § 50-21-21 (a). With this in mind, the legislature concluded that the exposure of the state treasury to tort liability must therefore be limited, and that state government should not have the duty to do everything that might be done. Accordingly, the legislature declared it to be the public policy of this state that the state shall only be liable in tort actions within the limitations of the [GTCA].

(Citations, punctuation, and footnote omitted.) *Lewis v. Dept. of Human Resources*, 255 Ga. App. 805, 807-808 (587 SE2d 65) (2002). Moreover, "[t]he doctrine of sovereign immunity requires that the conditions and limitations of the statute that waives immunity be strictly followed." (Footnote omitted.) *Ruff*, supra, 315 Ga. App. at 456 (2).

The GTCA provides a general waiver of sovereign immunity for the torts of state employees while acting within the scope of their official duties or employment. OCGA § 50-21-23 (a); *Lewis*, supra, 255 Ga. App. at 808. "This necessarily means that the state is immune from liability if the tort is that of state officers or employees acting outside the scope of their official duties or employment, *or if the tort was committed by a third party*." (Emphasis supplied.) *Lewis*, supra, 255 Ga. App. at 808.

Here, the Plaintiffs alleged that the Board of Regents was required to obtain a payment bond under OCGA §§ 13-10-62 and 13-10-63, and its failure to confirm the

5

validity of the submitted payment bond constituted negligence. As noted by the Board of Regents, the Plaintiffs have failed to demonstrate that these provisions apply, because these provisions concern payment bonds that are required for "public works construction contracts." See OCGA § 13-10-60 ("Payment bonds shall be required for all public works construction contracts with an estimated contract amount greater than $100,000.00[.]"). While the term "public works construction contracts" is not defined in Chapter 10 of Title 13, the term is defined in the statutory scheme governing local government public works construction, which also requires the payment bonds for public works projects. See OCGA § 36-91-90. For local government public works projects, the term "public works construction" means

> the building, altering, repairing, improving, demolishing of any public structure or building . . . . Such term does not include the routine operation, repair, or maintenance of existing structures, buildings, or real property[.]

OCGA § 36-91-2 (12).

In this case, the Plaintiffs did not submit the entire GSU contract into the record, and the complaint and portions of the GSU contract that are included in the record show only that the contract was for maintenance and other services, such as cleaning services. The Plaintiffs have only shown that the GSU contract covers

6

routine services and maintenance and have not established that it was for public works construction. See OCGA § 36-91-2 (12). Therefore, the Plaintiffs cannot show that the provisions for payment bonds set forth in OCGA § 13-10-60 through § 13-10-65 applied.

More importantly, the Plaintiffs cannot establish the existence of a duty to confirm the validity of the payment bond under the circumstances of this case. Indeed, when the Board of Regents takes a bond that is in proper form, it is "not required to make any further inquiry or investigation into the propriety of the information presented on the face of the [payment] bond[.]" (Citation and punctuation omitted.) *Hall County School Dist. v. C. Robert Beals & Assoc., Inc.*, 231 Ga. App. 492, 495-496 (1) (498 SE2d 72) (1998) (analyzing county school board's liability under former OCGA § 13-10-1 when unpaid subcontractors sued school board for failing to verify payment bonds that, on their face, purported to be submitted by surety on behalf of general contractor).

To the extent GSU asked LRL to submit a payment bond as a condition precedent to securing a contract, it was LRL's responsibility, not the Board of Regents', to comply with this condition. The Plaintiffs' injuries – their unpaid wages – resulted from LRL's actions. The State action taken in this case – the requirement

7

of the payment bond – itself produced no loss to the Plaintiffs. "Consideration of the requirement that the act must be that of the [S]tate and not of a third party in order for the [S]tate to be held liable leads naturally to the conclusion that the [S]tate cannot be held liable in this case." (Punctuation omitted.) *Lewis*, supra, 255 Ga. App. at 808 (State was immune from suit by plaintiff who was placed in scalding bath at private residential care facility); see also *Dept. of Human Resources v. Hutchinson*, 217 Ga. App. 70, 71-72 (1) (456 SE2d 642) (1995) (State agency was immune from suit where the placement of the plaintiff in a private home, itself, caused no harm, and independent third party's actions caused plaintiff's injuries).

While we certainly empathize with the Plaintiffs' unfortunate situation, "sovereign immunity is a harsh doctrine, not an equitable one. Indeed, it is just the opposite of equity . . . . Nevertheless, it is a constitutionally recognized doctrine, and the constitution expressly provides that immunity for tort claims can be waived only by a legislative act specifically providing for such waiver and setting forth the extent thereof." (Punctuation and footnote omitted.) *Chin Pak v. Ga. Dept. of Behavioral Health & Dev. Disabilities*, 317 Ga. App. 486, 489 (731 SE2d 384) (2012). Since the Plaintiffs have shown no such waiver, the trial court erred in denying the Board of Regents' motion to dismiss. We note, however, that the Plaintiffs are not without a

remedy, because they still have pending claims against LRL, the entity responsible for their losses.

2. In light of our holding in Division 1 that the Board of Regents is immune from suit, we need not address its other arguments on appeal.

*Judgment reversed. Barnes, P. J., and Ray, J., concur.*