ANDREWS, Presiding Judge.
Anthony Tricoli served as president of Georgia Perimeter College (GPC) for six years until he was blamed for a $16 million budget shortfall and resigned. He subsequently sued numerous individuals affiliated with GPC, the Board of Regents of the University System of Georgia, Board of Regents members, and the Georgia Attorney General for fraud, breach of contract, and violations of the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO). The trial court granted the defendants’ motion to dismiss, and this appeal followed.
On appeal, Tricoli contends the trial court erred by: (1) finding there was no enforceable written employment contract between Tricoli and the Board of Regents; (2) concluding that the Georgia Tort Claims Act (GTCA), OCGA § 50-21-20 et seq., barred his RICO claims; (3) rejecting his claims for fraud, extortion, and intentional infliction of emotional distress; (4) failing to consider his claims under the Open Records Act; (5) ignoring his abusive litigation claim; and (6) ignoring his motion for preliminary injunction. We find the trial court thoroughly addressed all the issues in this case and correctly concluded that Tricoli’s claims failed under the GTCA and the doctrine of sovereign immunity.
1. Initially, we note that the standard of review applicable in this appeal is the one for review of a decision on a motion for summary judgment. Although the appeal is from the grant of a motion to *838 dismiss, Tricoli’s submission of documentary evidence in response to the motion to dismiss constituted, in effect, a request to convert the motion into one for summary judgment and waived the notice requirement for such a conversion. See Gaddis v. Chatsworth Health Care Center, 282 Ga. App. 615, 617 (639 SE2d 399) (2006); Bd. of Regents of the Univ. System of Ga. v. Barnes, 322 Ga. App. 47, 49 (1) (743 SE2d 609) (2013). (Exhibits attached to the pleadings would not operate to convert a motion to dismiss into a motion for summary judgment, Gaddis, supra, but because a motion to dismiss is not a pleading under OCGA § 9-11-7 (a), any documents submitted in conjunction with such a motion are outside the pleadings.)
Where a defendant, who would not bear the burden of proof at trial, moves for summary judgment and shows an absence of evidence to support any essential element of the plaintiff’s case, “the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.” Cowart v. Widener, 287 Ga. 622, 623 (1) (697 SE2d 779) (2010). But when we review a grant or denial of summary judgment, we must construe the evidence in the light most favorable to the nonmovant. Home Builders Assn. of Savannah v. Chatham County, 276 Ga. 243, 245 (1) (577 SE2d 564) (2003).
2. “[T]he defense of sovereign immunity is waived as to any action ex contractu for the breach of any written contract entered into by the state or its departments and agencies.” (Punctuation and footnote omitted.) Barnes, supra at 49 (2). Tricoli contends the trial court erred in concluding there was no valid written employment contract that effectuated a waiver of sovereign immunity.
However, in moving to dismiss the action, the defendants originally showed the absence of a written contract of employment, which was critical to Tricoli’s ability to show a waiver of sovereign immunity. The trial court held a hearing on the motion on September 22, 2014. Subsequently, on October 10, 2014, Tricoli submitted an August 7, 2006 letter from the chancellor of the Board of Regents offering him the GPC presidency, which he claimed constituted a written employment contract. That letter stated:
It is my pleasure to offer you an appointment to the presidency of Georgia Perimeter College, subject to the policy and terms of the Board of Regents and the approval of the Board of Regents of the University System of Georgia at its regular meeting on August 9, 2006. The appointment would be effective on October 1, 2006. The total annualized compensation for the position is $190,000.... To accept the position, please return this letter with your signature.
*839 The defendants objected to the consideration of that letter on the grounds Tricoli had not properly notified them of the submission, and also on the grounds the letter did not constitute a valid contract of employment. On November 21, 2014, “[ajfter consideration of the evidence, counsel’s argument, and applicable statutory and case law,” the trial court granted the motion to dismiss.
Assuming arguendo the letter created a contract of employment under this Court’s ruling in Bd. of Regents of the Univ. System of Ga. v. Doe, 278 Ga. App. 878, 881 (1) (630 SE2d 85) (2006), it still did not save Tricoli’s breach of contract claim. The letter, which only specifies a salary and a starting date subject to the approval and policies of the Board of Regents, hardly supports a breach of contract claim. “An employment contract containing no definite term of employment is terminable at the will of either party, and will not support a cause of action against the employer for wrongful termination.” Burton v. John Thurmond Constr. Co., 201 Ga. App. 10 (410 SE2d 137) (1991).
Tricoli contends his alleged written contract was subject to the Board of Regents’ written policies and that the relevant policy, as provided by the Board in its answer to a request for admission, supplied sufficient terms to supplement the letter and form an enforceable employment contract. The text of that policy statement relied upon by Tricoli stated as follows:
If the Board declines to re-appoint a president, it shall notify the president, through the Chancellor, of such decision immediately following the Board’s regularly scheduled April [later amended to May] meeting. A decision by the Board not to re-appoint a president is not subject to appeal.
The quoted policy does not provide a definite term for the contract, a promise of employment, a specific deadline for providing the notice, or a provision that Tricoli’s employment would be automatically extended for a year or some other period in the event the Board failed to provide notice of re-appointment within a certain time. As such, the policy in no way converts the August 2006 letter into an employment contract that is not terminable at will.
Further, Tricoli himself terminated any employment contract he may have had when he resigned his position as president of GPC. There was no demonstrable breach of contract by any of the defendants, and Tricoli’s contention that the defendants forced him to resign asserted a tort, not a contract breach. Lastly, the Board of Regents’ failure to renew Tricoli’s contract or offer him a contract for a different position provided no basis for avoiding the application of *840 sovereign immunity. See, e.g., Liberty County School Dist. v. Halliburton, 328 Ga. App. 422 (762 SE2d 138) (2014).
As Tricoli failed to show an enforceable employment contract, there was no waiver of sovereign immunity on the basis of a written contract.
3. All of Tricoli’s tort claims were barred by the GTCA. OCGA § 50-21-25 (a) provides that the GTCA “constitutes the exclusive remedy for any tort committed by a state officer or employee... while acting within the scope of his or her official duties or employment____” OCGA § 50-21-23 waives sovereign immunity for torts of state officers and employees, but that waiver is subject to the exceptions set forth in OCGA § 50-21-24. Virtually all of the tortious conduct Tricoli complains of falls within those listed exceptions, and so his claims based on that conduct are barred.
4. Tricoli also asserted a claim under the Georgia RICO Act, OCGA § 16-14-1 et seq., based on the same conduct that predicated his tort claims. It is an imaginative theory of recovery to assert against the State itself, but that is about all it is — imagination. The Georgia RICO Act does not express any waiver of sovereign immunity. As noted above, OCGA § 50-21-25 (a) clearly states that the GTCA is the exclusive remedy for any torts committed by state officers and employees. Because the GTCA is the exclusive remedy, the Georgia RICO Act cannot be invoked as an alternate remedy or waiver of sovereign immunity for tortious conduct of state officers and employees.
Colon v. Fulton County, 294 Ga. 93, 95 (1) (751 SE2d 307) (2013), relied upon by Tricoli, does not support finding otherwise. Colon only involved the Georgia whistleblower statute, OCGA § 45-1-4, which more clearly contained a waiver of sovereign immunity, and did not involve any other statute that was designated as the exclusive remedy where sovereign immunity is at issue.
In conclusion, because Tricoli failed to establish a written enforceable employment contract that would avoid sovereign immunity, and because Tricoli’s tort claims were exclusively governed and barred by the GTCA, the trial court properly granted the defendants’ motion.

Judgment affirmed.

Barnes, P. J., Ellington, P. J., Dillard, McFadden, and Branch, JJ., concur. Miller, P. J., dissents.