**Arelious MUCKLE, Plaintiff,**

v.

**UNCF, et al., Defendants.**

**Civil Action No. 1:09–CV–2387–CAP.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 27, 2012.

Arelious Muckle, Atlanta, GA, pro se.

Danielle Y. Conley, David W. Bowker, Tonya Robinson, Wilmer Cutler Pickering Hale and Dorr–DC, Washington, DC, Philippa Victoria Ellis, Richard J. Baker,

Owen Gleaton Egan Jones & Sweeney, LLP, Atlanta, GA, for Defendants.

*ORDER*

CHARLES A. PANNELL, JR., District Judge.

In this diversity action, the plaintiff alleges that the United Negro College Fund and the Bill and Melinda Gates Foundation breached a contract with him when they terminated his participation in the Gates Millennium Scholar program.[1] Pending before the court are the defendants' motions to dismiss [Doc. Nos. 61 and 62] and the plaintiff's motion for leave to file a second amended complaint [Doc. No. 76]. The court will consider the plaintiff's motion and will then deal with the defendants' motions.

## I. FACTUAL BACKGROUND [2]

In his amended complaint, the plaintiff alleges that in 2000 he applied for and received a scholarship under the Gates Millennium Scholars Program. He contends that based on his application and the acceptance letter "a contract between UNCF and Gates Foundation was voluntary [sic] agreed by the parties. The Gates Millennium Scholars Administrative Guidelines (GMSA Guidelines) governed all parties." Amended Complaint at ¶ 9.[3] The plaintiff contends that the Bill and Melinda Gates Foundation was the source of funding for the scholarship program and that the program was administered by the United Negro College Fund.

After attending Morehouse College for two years, the plaintiff withdrew from the school during the summer of 2002. Explaining that he was experiencing health problems, the plaintiff submitted a request for medical deferment in August 2002 in accordance with the GMSA guidelines. Presumably, the GMS program did not act on the deferment request, since the plaintiff received a letter from the Vice President and Executive Director of the GMS program, dated June 24, 2003, notifying him that as the result of his failure to respond to numerous efforts to contact him by phone, email and regular mail, he had been designated as an inactive scholar and was no longer eligible for future GMS funding.

The plaintiff contends that he sought reinstatement of the scholarship through a variety of phone calls, meetings, correspondence, and appeals. Those efforts were directed at various individuals alleged to have been associated with the GMS program, UNCF, and Morehouse College. However, by letter dated August 19, 2003, the plaintiff was informed that his appeal to be reinstated had been denied.

Approximately three years later, on July 27, 2006, the plaintiff wrote a letter to the CEO of UNCF explaining what had happened three years earlier; however, the interim Vice President of the GMS program called the plaintiff and told him that there was nothing more that could be done. The plaintiff subsequently met with the President of Morehouse College and the Provost and Senior Vice President of the college, but they were unable to help him.

---

1. In his original complaint, the plaintiff also asserted claims under section 504 of the Rehabilitation Act of 1973. However, after this case was remanded from the Eleventh Circuit Court of Appeals, the plaintiff filed an amended complaint, in which he dropped his federal claim.

2. For purposes of the pending motions, the court assumes the truthfulness of the plaintiff's allegations; therefore, the facts set out below are drawn from the plaintiff's amended complaint.

3. None of these documents were attached to the amended complaint.

During the summer of 2007, the plaintiff communicated with Larry Griffith, of the GMS program, but on January 9, 2008, Mr. Griffith informed the plaintiff that he would not be deemed an active scholar and, consequently, would not have the scholarship reinstated.

In early 2009, the plaintiff informed the General Counsel and Secretary of the Bill and Melinda Gates Foundation of his problems regarding having his scholarship reinstated. By letter dated February 24, 2009, the General Counsel and Secretary expressed regret regarding the plaintiff's situation but informed the plaintiff that the foundation was not involved in the direct administration of the funds that the foundation had given to the GMS program.

On August 19, 2009, the plaintiff filed the instant action. The court originally dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B) by order dated June 2, 2010. On March 30, 2011, the Court of Appeals for the Eleventh Circuit reversed this court's judgment and directed that the plaintiff be given the opportunity to amend his complaint to cure any defects that might have existed in his original complaint. By order dated June 15, 2011, the court directed the plaintiff to file an amended complaint in accordance with the directive of the Eleventh Circuit. The plaintiff filed that amended complaint on July 18, 2011. The defendants filed motions to dismiss on December 5, 2011. The plaintiff responded to those motions on December 22. While those motions were pending, the plaintiff filed a motion for leave to file an amended complaint. Those matters are now before the court.

## II.  LEGAL DISCUSSION.

■ The plaintiff seeks to amend his amended complaint to assert 17 causes of action, 15 of which are new claims:[4]

breach of contract (Count 1), breach of contract (Count 2), breach of implied duty of good faith and fair dealing (Count 3), breach of implied duty of good faith and fair dealing (Count 4), negligent supervision (Count 5), negligent supervision (Count 6), negligent performance of an undertaking (Count 7), negligent retention (Count 8), negligent retention (Count 9), negligent failure to intervene (Count 10), intentional infliction of emotional distress (Count 11), negligent infliction of emotional distress (Count 12), fraudulent misrepresentation (Count 13), fraudulent misrepresentation (Count 14), negligent misrepresentation (Count 15), negligent misrepresentation (Count 16), and violation of section 504 of the Rehabilitation Act of 1973 and the Americans with Disabilities Act of 1990 (Count 17).

As an initial matter, the court notes that the proposed second amended complaint is a shotgun pleading that the Eleventh Circuit has repeatedly condemned. *See Davis v. Coca–Cola Bottling Co. Consolidated,* 516 F.3d 955 (11th Cir.2008), *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293 (11th Cir.2002), *Byrne v. Nezhat,* 261 F.3d 1075 (11th Cir. 2001). In the 202 paragraphs, the plaintiff incorporates each preceding count in all following counts, and he does not specify which allegation in the 57 paragraphs of "general factual allegations" applies to which specific count.

■ Although leave to amend should be freely given, such leave is not automatic and is particularly inappropriate where a plaintiff has been dilatory in seeking to amend. *See Corsello v. Lincare, Inc.,* 428 F.3d 1008 (11th Cir.2005). Moreover, in seeking to reinstitute his federal claim, the plaintiff is simply making his complaint a moving target which causes unnecessary work for both the parties and the court.

---

4. The amended complaint asserts two claims for breach of contract; the proposed second amended complaint essentially restates those claims and seeks to add 15 more.

The plaintiff alleges no new facts whatsoever in his proposed amended complaint and has not provided any justification for his delay in attempting to add the new claims. Because of the undue delay and bad faith on the part of the plaintiff, the court will deny the motion to amend.

Moreover, all of the plaintiff's tort claims are time barred and allowing a second amended complaint would be futile. Georgia has a two-year statute of limitations for tort claims. O.C.G.A. § 9-3-33. The plaintiff alleges that he was harmed when he was dismissed from the scholarship program and lost his funding on June 24, 2003. The plaintiff filed his original action on August 19, 2009, and filed his motion seeking leave to add the new tort claims on April 9, 2012. Both filings are beyond the two-year statute of limitations for tort claims.

To the extent that the plaintiff suggests that the time period was tolled because his claims involve a continuous tort, such allegations are without merit. The continuing tort theory applies "where any negligent or tortious act is of a continuing nature and produces injury in varying degrees over a period of time." *Everhart v. Rich's, Inc.*, 229 Ga. 798, 194 S.E.2d 425, 428 (1972). In the instant case, the alleged tortious act was the termination of the plaintiff's scholarship. That was a discrete act, which occurred in 2003, and was not of a continuing nature.

Because the plaintiff was dilatory in seeking to amend his amended complaint and because the proposed amendments would be futile, the court DENIES the plaintiff's motion for leave to file a second amended complaint [Doc. No. 76].

The court now turns to the defendants' motions to dismiss the plaintiff's amended complaint.

In his amended complaint, the plaintiff asserts breach of contract claims against the defendants. For a valid contract to exist, "there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." O.C.G.A. § 13-3-1. Additionally, there must be a "meeting of the minds of the parties, mutuality, and the clear expression of the terms of the agreement." *Jackson v. Easters*, 190 Ga.App. 713, 379 S.E.2d 610, 611 (1989). The plaintiff has the burden of proving the existence of a contract, and there can be no breach where the documents alleged to have created the contact did not amount to a complete written contract. *See Board of Regents of the University System of Georgia v. Tyson*, 261 Ga. 368, 404 S.E.2d 557 (1991).

The plaintiff has not come forward with any formal contract between him and the defendants. Instead, he relies on various documents informing him of his selection to receive a GMS scholarship. He does not allege any consideration flowing from him to anyone. Indeed, he cannot do so, because he has alleged nothing more than a gift from a charitable program. Because the plaintiff has failed to show the existence of a valid contract between him and the defendants, his complaint fails to state a claim for breach of contract. Consequently, the complaint is subject to dismissal.

For the foregoing reasons, the plaintiffs' motion for leave to file a second amended complaint [Doc. No. 76] is DENIED, and the defendants' motions to dismiss the amended complaint for failure to state a claim [Doc. Nos. 61 and 62] are GRANTED.

SO ORDERED.