# Court of Appeals
# of the State of Georgia

ATLANTA,  April 24, 2018

*The Court of Appeals hereby passes the following order:*

**A18D0406. ANTHONY S. TRICOLI v. ROB WATTS et al.**

This is the second time this case has appeared before us. Anthony Tricoli served as President of Georgia Perimeter College (GPC) for six years until he was blamed for a $16 million budget shortfall and resigned. He subsequently sued numerous individuals affiliated with GPC, the Board of Regents of the University System of Georgia, Board of Regents members, and the Georgia Attorney General for fraud, breach of contract, and violations of the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO). The trial court granted the defendants' motion to dismiss, and Tricoli appealed to this Court. We affirmed the trial court's decision, see *Tricoli v. Watts*, 336 Ga. App. 837 (783 SE2d 475) (2016), and the Supreme Court denied Tricoli's petition for certiorari. *Tricoli v. Watts*, Case No. S16C1469 (Nov. 7, 2016).

Tricoli subsequently filed a motion to set aside the trial court's dismissal order. The trial court denied this motion on January 30, 2018, and Tricoli filed this application for discretionary appeal from that order on April 3, 2018. We lack jurisdiction.

To be timely, a discretionary application must be filed within 30 days of entry of the order sought to be appealed. OCGA § 5-6-35 (d). The requirements of OCGA § 5-6-35 are jurisdictional, and this Court cannot accept an application for appeal not made in compliance therewith. *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). Here, Tricoli filed his application 63 days after entry of the order he seeks to appeal. In his application, Tricoli asserts that "[o]n March 1, 2018, the trial court entered an order extending the time to file a notice and application for appeal 30 days,

extending the deadline to Monday, April 2, 2018." However, trial courts have no authority to grant extensions of time to file applications for discretionary appeal. *Gable v. State*, 290 Ga. 81, 85 (2) (a) (720 SE2d 170) (2011) ("Because a discretionary application must be filed only in an appellate court, see OCGA § 5-6-35 (d), a trial court may not grant an extension of the time to file the application pursuant to OCGA § 5-6-39."). Although this Court may grant an extension of time to file an application for discretionary appeal, such relief must be requested on or before the application due date. OCGA § 5-6-39 (d); Court of Appeals Rule 31 (i). No such motion was filed in this Court, and the failure to meet the statutory deadline for filing a discretionary appeal is a jurisdictional defect. *Gable*, 290 Ga. at 85 (2) (a). Tricoli's failure to comply with the jurisdictional requirement of filing his discretionary application within the statutorily allotted time bars our consideration of this application. Accordingly, Tricoli's application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,  04/24/2018*
        *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*