In the Supreme Court of Georgia

Decided:   October 5, 2015

S15A0725. LAYER v. BARROW COUNTY et al.

BLACKWELL, Justice.

Mike Layer built a sewer pumping station for Barrow County, and he allegedly entered into an agreement with the County pursuant to which he would retain an interest in a portion of the pumping capacity at the station. Layer, however, failed to get this alleged agreement in writing. After he was refused his alleged interest in the pumping capacity, Layer sued Barrow County, the City of Auburn, and a host of county and city officials (in both their official and individual capacities), asserting breach of contract, unjust enrichment, breach of the implied covenant of good faith and fair dealing, promissory estoppel, and an unconstitutional taking of his property without just compensation. For these alleged wrongs, Layer sought an award of monetary damages and just compensation, as well as prospective relief in the nature of specific performance,

but in the form of an injunction and writ of mandamus.[1] The trial court dismissed his lawsuit, and Layer appeals. We affirm.

1. We begin with the dismissal of the claims sounding in breach of contract and various quasi-contractual theories of liability. As a general rule, counties enjoy sovereign immunity. See Toombs County v. O'Neal, 254 Ga. 390, 391 (1) (330 SE2d 95) (1985) ("[The] constitutional reservation of sovereign immunity to 'the State' is a constitutional reservation of sovereign immunity to the counties of the State of Georgia."). And county officers sued in their official capacities — since a suit against a county officer in her official capacity *is* a suit against the county itself — enjoy the same sovereign immunity. Gilbert v. Richardson, 264 Ga. 744, 746 (4), n. 4 (452 SE2d 476) (1994). Although sovereign immunity has been waived for "action[s] ex contractu for the breach of any *written* contract," Ga. Const. of 1983, Art. I, Sec. II, Par. IX (c) (emphasis supplied), sovereign immunity generally will bar a lawsuit for breach of an unwritten contract. Bd. of Regents of Univ. System of Ga. v. Winter, 331 Ga. App. 528, 532 (2) (771 SE2d 201) (2015). And

_____

[1] The request for mandamus brought this matter within the appellate jurisdiction of this Court. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (5).

2

sovereign immunity also will bar a lawsuit for damages upon quasi-contractual theories of liability in the absence of a written contract. Carroll v. Bd. of Regents of Univ. System of Ga., 324 Ga. App. 598, 603 (3) (751 SE2d 421) (2013). The alleged oral agreement with Barrow County is the basis for all of the contractual and quasi-contractual claims that Layer asserts in this case. With one exception, those contractual and quasi-contractual claims are barred by sovereign immunity as against the County and its officers in their official capacities.

Sovereign immunity is no bar to mandamus relief, SJN Properties v. Fulton County Bd. of Assessors, 296 Ga. 793, 799 (2) (b) (ii) (770 SE2d 832) (2015), and Layer sought to compel specific performance of his alleged agreement with the County by writ of mandamus. Although this claim as against the county officers is not barred by sovereign immunity, it fails nevertheless. In the first place, it is settled law that "[m]andamus will not lie to enforce private rights under [a] contract." Atlanta & West Point R. v. City of Atlanta, 156 Ga. 251, 251 (5) (119 SE 712) (1923). Moreover, that the alleged agreement at issue was not reduced to writing means not only that sovereign immunity bars most of the contractual and quasi-contractual claims, but it means as well that there

simply is no binding contract between Layer and the County. See City of Warrenton v. Johnson, 235 Ga. 665, 666 (1) (221 SE2d 429) (1975) ("Oral contracts on behalf of a county have repeatedly been held to be void . . ..") . Without a binding contract, there is no basis for any remedy in the nature of specific performance, whether in the form of a writ of mandamus or otherwise. See Atkinson v. Cook, 271 Ga. 57, 58-59 (518 SE2d 413) (1999). The trial court properly dismissed the plea for mandamus relief because it fails to state a claim upon which relief might properly be granted.

As against the county officers in their individual capacities, the City of Auburn, and the various municipal officers named as defendants in this lawsuit, Layer's contractual and quasi-contractual claims fail for yet another reason. Layer does not contend that he ever had an agreement (written or otherwise) with any of these defendants that was breached. They indisputably were not parties to the alleged oral agreement between Layer and the County. Not being parties to that agreement, we perceive no basis in the pleadings in this case upon which they could be held liable for its breach, whether under a contractual or quasi-contractual theory of liability. See Green v. Flanagan, 317 Ga. App. 152, 156 (2) (730 SE2d 161) (2012) ("[G]enerally speaking, a person who is not a

4

party to a contract is not bound by its terms." (Citation and punctuation omitted)). The contractual and quasi-contractual claims against the county officers in their individual capacities, the City, and the municipal officers in both their official and individual capacities fail to state a claim upon which relief can be granted.

2. We turn now to the unconstitutional taking claim. Layer alleges that he owns a portion of the pumping capacity of the station, and he says that Barrow County permitted the City of Auburn and other nonparties to use his pumping capacity without just compensation. Sovereign immunity is no bar to an unconstitutional taking claim for just compensation, State Bd. of Ed. v. Drury, 263 Ga. 429, 430 (1) (437 SE2d 290) (1993), but this claim fails for another reason. An unconstitutional taking claim requires the taking of a valid property interest. See id. at 431 (1). Layer claims an interest in the pumping capacity of the station only by virtue of his alleged agreement with the County, but as we have explained already, because that agreement was never reduced to writing, it does not bind the County, see Graham v. Beacham, 189 Ga. 304, 306 (5 SE2d 775) (1939), and so, it conferred upon Layer no valid property rights as against the County (or those whom the County might permit to use the sewer pumping

station). For want of a valid property interest, the taking claim fails. See <u>Drury</u>,

263 Ga. at 433 (1).

<u>Judgment affirmed. All the Justices concur.</u>