**FIRST DIVISION
BARNES, P. J.,
MCMILLIAN and MERCIER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 8, 2018**

# In the Court of Appeals of Georgia

A17A1903. CONSOLIDATED GOVERNMENT OF COLUMBUS GEORGIA, et al. v. P&J BEVERAGE CORPORATION d/b/a FORREST ROAD PACKAGE STORE; and

A17A1905. THE BOTTLE SHOP, LLC v. P&J BEVERAGE CORPORATION d/b/a FORREST ROAD PACKAGE STORE.

MERCIER, Judge.

We have consolidated the appeals in these related cases stemming from P&J Beverage Corporation d/b/a Forrest Road Package Store's lawsuit seeking a writ of mandamus to prevent Columbus[1] from issuing an alcoholic beverage license to The

---

[1] Amongst the defendants below are the Consolidated Government of Columbus Georgia, Revenue Division, Occupational Tax Section, and Angelica Alexander. Alexander was sued in her official capacity as the Finance Director for the Consolidated Government of Columbus, Georgia. As such, we treat P & J's claims against Alexander as claims against the Consolidated Government of Columbus, Georgia, Revenue Division, Occupational Tax Section, and accordingly both parties will be collectively referred to as "Columbus." See *Layer v. Barrow County*, 297 Ga.

Bottle Shop, LLC, and then seeking to revoke the license once issued. All parties filed motions for summary judgment. The trial court granted P&J's motion, and thereby implicitly denied the motions by Columbus and The Bottle Shop. The trial court ordered "Alexander to institute the steps reasonably necessary to show on the public record for the city of Columbus that [The Bottle Shop's] license was improperly issued, and, hereby determined by this Court to be treated as invalid from the outset, and shall not grant authority to any person to operate any business using said license." Columbus and The Bottle Shop appeal the trial court's order. For the reasons discussed below, we reverse.

P&J, having learned that The Bottle Shop applied for an alcoholic beverage license on April 24, 2016, filed the underlying suit. P&J alleges that the location for which The Bottle Shop sought the license, 101 Southern Way, Columbus, Georgia, was within 600 feet of The Growing Room, Inc.,[2] which P&J claimed was a school, and therefore asserts that the issuance of an alcoholic beverage license would violate

871 (1) (778 SE2d 156) (2015) ("a suit against a county officer in her official capacity *is* a suit against the county itself") (citation omitted).

[2] The Growing Room was not a party to the underlying lawsuit, and is not a party to this appeal.

Columbus, GA Code of Ordinances § 3-5 (c).[3] P&J initially filed the suit without notice to The Bottle Shop, but The Bottle Shop filed a motion to intervene, which was granted.

While P&J's action was pending, on September 9, 2016, The Bottle Shop received an alcoholic beverage license to operate a liquor store at 101 Southern Way, Columbus, Georgia. On October 4, 2016, P&J filed its second amended complaint claiming that it "will suffer a special injury by the opening of [The Bottle Shop] by virtue of competition from another alcohol retailer opening at about the same time, and going after the same demographic, and having obtained its license in violation of local and state law." The Bottle Shop opened for business in November 2016. Thereafter, the parties filed their motions for summary judgment. Columbus and The Bottle Shop filed separate motions for summary judgment alleging, amongst other things, that P&J cannot satisfy the requirements necessary to obtain mandamus relief and that The Growing Room was not a school.

---

[3] Columbus, GA Code of Ordinances, § 3-5 (c) provides that "[i]t shall be unlawful to issue liquor and mixed drinks beverage licenses within 600 feet and to issue wine and malt beverage licences within 300 feet of the grounds of any community teen center or any school or school playground, including church nursery schools, church day care centers and adjoining playgrounds."

Columbus and The Bottle Shop both assert, in multiple enumerated errors, that the trial court erred by granting P&J's motion for summary judgment and in denying the defendants' motions for summary judgment. "In reviewing the merits of a trial court's decision on a motion for summary judgment, [this Court] conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *SJN Properties, LLC v. Fulton County Bd. of Assessors,* 296 Ga. 793, 796-797 (2) (770 SE2d 832) (2015) (citation omitted).

1. "The applicability of sovereign immunity to claims brought against the State is a jurisdictional issue. Indeed sovereign immunity like various other rules of jurisdiction and justiciability is concerned with the extent to which a case properly may come before a court at all. Therefore, the applicability of sovereign immunity is a threshold determination[.]" *McConnell v. Dept. of Labor*, 302 Ga. 18, 18-19 (805 SE2d 79) (2017) (citation, punctuation and footnotes omitted).[4] "[H]owever, sovereign immunity is no bar to petitions for writs of mandamus." *Ga. Association of*

---

[4] "The constitutional reservation of sovereign immunity to 'the State' is a constitutional reservation of sovereign immunity to the counties of the State of Georgia." *Layer*, supra at (1) (citation omitted).

*Professional Process Servers v. Jackson*, 302 Ga. 309, 312 (2) (806 SE2d 550) (2017) (citation omitted). "Our mandamus statute [OCGA § 9-6-20] expressly authorizes claimants to seek relief against a public official 'whenever … a defect of legal justice would ensue from [the official's] failure to perform or from improper performance' of 'official duties.'" *SJN Properties, LLC,* supra at 799 (2) (b) (ii) (punctuation omitted). We therefore consider whether the trial court erred in granting summary judgment on the merits with respect to P&J's mandamus claim.

> Mandamus is a remedy for improper government inaction — the failure of a public official to perform a clear legal duty. The writ of mandamus is properly issued only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief.
>
> . . .
>
> With respect to this second requirement, a clear legal right to the relief sought may be found only where the claimant seeks to compel the performance of a public duty that an official or agency is required by law to perform. For mandamus to issue, the law must not only authorize the act to be done, but must require its performance. Where performance is required by law, a clear legal right to relief will exist either where the official or agency fails entirely to act or where, in taking such required action, the official or agency commits a gross abuse of discretion. The determination of whether official action is required depends on the law

governing the subject matter in question. Thus, where the applicable law vests the official or agency with discretion with regard to whether action is required in a particular circumstance, mandamus will not lie, because there is no clear legal right to the performance of such an act.

Moreover, when the law requires an official to exercise discretion, mandamus will lie to compel that discretion be exercised, but not to dictate the result[.]

*Ga. Association of Professional Process Servers*, supra at 312-313 (2) (citations and punctuation omitted). "And the burden is upon the party seeking mandamus to show the existence of such a duty." *Forsyth County v. White*, 272 Ga. 619, 620 (2) (532 SE2d 392) (2000) (citation omitted). In this case, the burden was upon P&J to show that Columbus had a clear legal duty to deny or revoke The Bottle Shop's alcoholic beverage license. See *Forsyth County*, supra. Setting aside the issue of whether another adequate legal remedy is available here,[5] we conclude, as explained below, that P&J has failed to meet its burden of showing it has a clear legal right to the relief sought.

---

[5] Of note, P&J's claim that there is no other adequate legal remedy is not supported by citations to the record or law. See Court of Appeals Rule 25 (b).

6

OCGA § 3-3-2 (a) pertinently provides that "[e]ach . . . local governing authority is given discretionary powers within the guidelines of due process set forth in this Code section as to the granting or refusal, suspension, or revocation of . . . [alcoholic beverage] permits or licenses[.]" The Columbus, GA Code of Ordinances regulates the application and approval procedure for obtaining an alcoholic beverage license, stating that"[t]he director of finance shall either approve or disapprove all applications for alcoholic beverage licenses . . ." and that "[n]o alcoholic beverage [license] shall be issued until the issuing authority is satisfied that the business is in compliance with [the Alcoholic Beverages Chapter] of the Code." Columbus, GA Code of Ordinances §§ 3-8 (a), 3-20 (b). The Columbus, GA Code of Ordinances also provides a procedure by which an alcoholic beverage license may be revoked if "a majority of the council so decides at the time of or subsequent to the hearing on the recommendation for revocation." Columbus, GA Code of Ordinances § 3-11 (b) (4).

"Where the act required by law to be done involves the exercise of some degree of official discretion and judgment upon the part of the officer charged with its performance, the writ of mandamus may properly command [the officer] to act, or, as is otherwise expressed, may set [the officer] in motion; it will not further control or interfere with [the officer's] action, nor will it direct [the officer] to act in any specific

7

manner." *Ga. Association of Professional Process Servers*, supra at 313 (2) (citation omitted). "Mandamus can be used to compel an official to exercise his or her discretion, but not to direct the manner in which that discretion is exercised." *Bland Farms, LLC v. Ga. Dept. of Agriculture*, 281 Ga. 192, 193 (637 SE2d 192) (2006) (citation omitted). Columbus exercised its discretion, pursuant to OCGA § 3-3-2 (a), and empowered its director of finance to "either approve or disapprove" an application to obtain an alcohol license, and to ensure that the director of finance is "satisfied" with an applicant's compliance with the Alcoholic Beverages chapter of the Code. Furthermore, Columbus, under its discretion, codified that a majority of the council must decide to revoke an alcohol license. These provisions require that Columbus government officials act with discretion in granting or revoking a party's alcohol license. See *Hartsfield v. Salem,* 213 Ga. 760 (101 SE2d 701) (1958) (reversing grant of mandamus where the city charter authorized the governing body to revoke liquor license permits with a discretionary procedure; "since it is discretionary whether said license be revoked and the defendants are not compelled by law to revoke said license but are authorized to do so . . . they can not be compelled by mandamus to do so") (citations omitted). Columbus exercised its discretion to grant The Bottle Shop's alcoholic beverage license, and has exercised its discretion to not

8

revoke The Bottle Shop's alcoholic beverage license. P&J cannot use the mandamus procedure to direct the manner in which Columbus's discretion is exercised. See *Bland Farms, LLC*, supra.

P&J contends that a writ of mandamus is appropriate because Columbus did not have discretion to grant an alcoholic beverage license to The Bottle Shop, as it claims the license violates Columbus, GA Code of Ordinances § 3-5 (c), which states that it shall be unlawful to issue "liquor and mixed drinks beverage" licenses within "600 feet . . . of . . . any school . . . or church day care centers . . ." P&J claims that The Growing Room, a for-profit daycare facility, was a school, and as such, Columbus did not have discretion to grant an alcohol license to The Bottle Shop at the designated location. However, P&J's argument that The Growing Room is a "school" is unpersuasive.[6]

---

[6] It is undisputed that The Growing Room, Inc. is a for-profit daycare facility. While the facility has availability for 22 state-funded pre-kindergarten students, it is not a public school and it does not meet the criteria for a private school: The Growing Room's goal is to make a profit; it does not have any religious affiliations; it does not report to the county school district; it has no principal; no media center; and no school council. See OCGA § 3-3-21(a) (2), OCGA § 20-2-690 (b), and Ga. Comp. R. & Regs. r. 160-5-1-.03 (2) (a).

P&J has failed to show that Columbus violated any clear legal duty by exercising its statutorily-granted discretion to both determine that The Bottle Shop should be granted an alcohol license, and to decline to revoke it. See *Ga. Association of Professional Process Servers*, supra at 314. Therefore the trial court erred in granting a writ of mandamus to P&J.

2. The trial court also ordered Columbus to not "grant authority to any person to operate any business using said license." Such an order is a grant of injunctive relief against the State for official acts, and it is barred by sovereign immunity. See *Lathrop v. Deal*, 301 Ga. 408, 425 (III) (801 SE2d 867) (2017) ("the constitutional doctrine of sovereign immunity forbids our courts to entertain a lawsuit against the State without its consent . . . the doctrine extends to suits for injunctive relief . . ."). The trial court thus erred in granting injunctive relief to P&J against Columbus and in granting summary judgment to P&J. The trial court also erred in denying summary judgment to Columbus and The Bottle Shop. We therefore reverse the trial court's grant of P&J's motion for summary judgment and its denial of Columbus's and The Bottle Shop's motions for summary judgment.

3. In light of our discussion above, we need not address the additional enumerated errors put forth by Columbus and The Bottle Shop.

*Judgment reversed in cases A17A1903 and A17A1905. Barnes, P. J., concurs. McMillian, J., concurs in judgment only.*

\*THIS OPINION IS PHYSICAL PRECENDENT ONLY.  COURT OF APPEALS RULE 33.2.