## FIFTH DIVISION
## MCFADDEN, P. J.,
## RAY and RICKMAN, JJ.

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**May 15, 2018**

# In the Court of Appeals of Georgia

A18A0691. DRUMM, IN HIS CAPACITY AS CITY MANAGER FOR THE CITY OF BRUNSWICK et al. v. GEORGE et al.

RICKMAN, Judge.

We granted an application for interlocutory review from James Drumm, in his capacity as City Manager for the City of Brunswick, and the City of Brunswick (collectively "Drumm") following the denial of their motion for summary judgment on a complaint for breach of contract filed by Paul George, Erik Hartshorn, Stephan Lowrey, Carla Futch, Alan Wainwright, and Terrence Tanner (collectively "the Officers"). Because the Officers' suit is barred by sovereign immunity, we reverse.

On appeal from the denial or grant of summary judgment, the appellate court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.

(Citation and punctuation omitted.) *Watts v. City of Dillard*, 294 Ga. App. 861 (670 SE2D 442) (2008).

So viewed, the record shows that approximately three months after becoming the City Manager for the City of Brunswick, Drumm met with the City's Chief of Police to discuss the retention and promotion of City police officers . Drumm agreed to the Chief's proposal to promote officers who met certain requirements, but it was unclear at the time of the meeting how many officers would be eligible for the promotion.

After the meeting, the following text message exchange took place between the Chief and Drumm:

> [The Chief]: There are 2 in drug squad And 4 in detectives eligible for promotion to corporal.

> [Drumm]: Ok[.]

> [Drumm]: Set up the paperwork[.]

Prior to Drumm receiving any paperwork regarding the promotions, the Chief sent the Officers a letter congratulating them on their promotion to corporal. The Chief also announced the promotions publicly on a social media website.

2

When the Officers received their next paycheck, they noticed that they did not receive an increase in salary to reflect their promotions. At that point, the Chief was informed that Drumm never signed the personnel forms authorizing the Officers' promotions and salary increases. Drumm sent the Chief a text message expressing his concerns about the cost of the salary increases.

After the Officers' salaries were not increased, all of the Officers except for Tanner filed grievances against the City. Drumm met with the Officers who filed grievances and following that meeting, sent a letter to them explaining that their promotions were unauthorized. The letter stated that, "[a]s I explained in our meeting, you are not due the pay increase requested in your grievance. As such you are not due back pay. You are not now, nor have you been the rank of [c]orporal with the Brunswick Police Department."

The Officers filed a complaint alleging breach of contract and seeking damages against Drumm. Drumm filed a motion for summary judgment asserting that, inter alia, the Officers' suit was barred by sovereign immunity because there was no written contract between the parties. The trial court denied the motion, concluding that there was evidence from which a jury could determine that "the essential terms

3

of the modified employment agreements were known to and tacitly agreed by [the Officers] and the City."

On appeal, Drumm contends, inter alia, that the trial court erred in denying summary judgment because the Officers failed to meet their burden to show a waiver of the City's sovereign immunity. We agree.

"The doctrine of sovereign immunity, also known as governmental immunity, protects all levels of governments from legal action unless they have waived their immunity from suit." (Citation and punctuation omitted.) *Watts*, 294 Ga. App. at 862 (1). "The authority to waive the immunity of municipalities rests solely with the General Assembly and must be effected by statute." Id.; see also Ga. Const. of 1983, Art. IX, Sec. II, Par. IX. "In the context of a contract action, . . . sovereign immunity is waived only as to actions based upon written contracts." (Citation and punctuation omitted.) *Watts*, 294 Ga. App. at 863 (1). "An implied contract will not support a waiver of immunity under the provisions of the Georgia Constitution." (Citation and punctuation omitted.) Id.

"To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate." OCGA § 13-3-1.

"A contract is not complete and enforceable until there is a meeting of the minds as to all essential terms." (Citation and punctuation omitted.) *Ga. Dept. of Community Health v. Data Inquiry*, 313 Ga. App. 683, 685-686 (1) (a) (722 SE2d 403) (2012). "The burden was on [the Officers] to establish the existence of a written contract with the City and the resulting waiver." *Watts*, 294 Ga. App. at 863 (1).

In the absence of a written contract between the parties, the Officers argue that the text message exchange between Drumm and the Chief following their initial meeting where Drumm instructed the Chief to "[s]et up the paperwork" authorized the Chief to enter into a written contract on Drumm's behalf. To support their argument, the Officers cite to a provision in the City's municipal code which provides that the City manager shall appoint City employees and that "[h]e may authorize any administrative officer who is subject to his discretion and supervision to exercise these powers with respect to subordinates in that officer's department . . ." The Officers assert that because the Chief was authorized by Drumm to enter into a contract with them, the letter from the Chief congratulating them on their promotion was an enforceable written contract.

Pretermitting whether the ambiguous text message exchange between the Chief and Drumm could be construed as an authorization by Drumm to enter into a contract

with the Officers, the letter congratulating the Officers is not a written contract. "A contract cannot be enforced if its terms are incomplete, vague, indefinite or uncertain." (Citation and punctuation omitted.) *Souza v. Berberian*, 342 Ga. App. 165, 168 (1) (802 SE2d 401) (2017). The letter states, "[c]ongratulations on your promotion [to corporal]. You have demonstrated exceptional qualities as a leader and we are proud of you. I wish you all the best in your new position." The letter does not contain any terms of the Officers' new employment and is too incomplete and indefinite to be an enforceable written contract. See *Key v. Naylor, Inc*, 268 Ga. App. 419, 423 (1) (602 SE2d 192) (2004) (concluding that an alleged employment contract was unenforceable because it was indefinite regarding the employee's duties, term of employment, and salary).

Accordingly, because the Officers failed to meet their burden to prove the existence of a written contract, this action is barred by sovereign immunity. See *Ga. Dept. of Labor v. RTT Assoc.*, 299 Ga. 78, 82-87 (2), (3) (786 SE2d 840) (2016); see also *Watts*, 294 Ga. App. at 863-864 (1); *Kennedy v. Ga. Dept. of Human Resources Child Support Enforcement*, 286 Ga. App. 222, 224 (1) (648 SE2d 727) (2007).

*Judgment reversed. McFadden, P. J., and Ray, J., concur.*

6