**FIRST DIVISION**
**BARNES, P. J.,**
**MCMILLIAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 23, 2018**

# In the Court of Appeals of Georgia

A18A0906. BROWNING v. RABUN COUNTY BOARD OF COMMISSIONERS.

REESE, Judge.

In the second appearance of this case before this Court, Jean Browning appeals the grant of summary judgment on the basis of sovereign immunity to the Rabun County Board of Commissioners ("the Appellee") in the Appellant's breach of contract suit.[1] The suit asserted that the Appellee had failed to pay life insurance benefits to which she was entitled after the death of her husband, Timothy Browning ("Mr. Browning"). Specifically, the Appellant contends that a written contract existed

---

[1] See Court of Appeals Order, Case No. A17A1136, dated April 14, 2017. We remanded this matter for the trial court to issue an order "confirming which of the exhibits identified by [the Appellant], if any, it considered in deciding this case and supplementing the record accordingly."

between Mr. Browning and the Appellee for voluntary life insurance in the amount of $50,000. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the Appellant as the non-moving party,[2] the evidence shows that Mr. Browning was employed by the Appellee from 1998 until his death on September 25, 2012. The Appellee provided Mr. Browning with a $25,000 life insurance policy and an additional $25,000 in benefits in the event of his accidental death ("standard policy"), all at no cost to him as a standard benefit. The Appellee also offered its employees the opportunity to purchase optional life insurance for up to $50,000 ("optional policy"). Shortly after Mr. Browning's death, the Appellant received $50,000 plus interest, in life insurance benefits based on the standard policy.[3] However, the Appellee denied the Appellant's request for payment based on the optional policy because the Appellee did not possess a completed enrollment form signed by Mr. Browning that elected such coverage under the Appellee's current insurer, Sun Life Assurance Company of Canada ("Sun Life"). The Appellee sent the Appellant a check in the amount of $2,605.06, for the Sun Life

---

[2] See *Drumm v. George*, 345 Ga. App. 760, 761 (814 SE2d 575) (2018).

[3] The Appellant also received $75,000 from a non-employment based supplemental life insurance policy which is not part of this appeal.

optional policy premiums mistakenly deducted plus interest of 3%, which was refused by the Appellant.

The Appellant filed a verified complaint alleging negligence[4] and breach of contract and seeking attorney fees based on the Appellee's failure to procure insurance and pay benefits based on the optional policy.[5] The Appellee subsequently moved for summary judgment, arguing, inter alia, that it was entitled to sovereign immunity because there was no written contract between Mr. Browning and the Appellee for the life insurance benefits based on the optional policy.

In support of its motion for summary judgment, the Appellee filed with the trial court a notarized "Certificate of Absence of Record" executed by the Appellee's Clerk, stating under oath that the regular practice of the Clerk's Office was to "maintain the originals of all group life insurance enrollment forms completed and signed by Rabun County employees for life insurance policies that [were] currently in effect." Further, the Clerk stated that her office had conducted a diligent search for "any Sun Life enrollment form signed by [Mr.] Browning in which he enrolled in Sun

---

[4] The Appellant subsequently withdrew her negligence claim. See footnote 6, infra.

[5] The Appellant later filed an amended complaint adding the Appellee's insurance broker, but she subsequently dismissed the broker from the lawsuit.

3

Life's voluntary additional coverage[, but the search] failed to disclose any such enrollment form."

The Appellee also filed two affidavits of Debra Jacobs, its Clerk and Chief Financial Officer. Jacobs averred that, on November 1, 2002, the Appellee changed the carrier for its optional policy from United of Omaha to Sun Life. Further, after the change, "[the Appellee] and Sun Life provided open enrollment to all Rabun County employees for coverage under the new [optional] policy[,]" and cancelled the previous optional policy with United of Omaha. Jacobs further testified that, "[a]ccording to Rabun County records, [Mr.] Browning did not sign before his death an enrollment form requesting optional life insurance coverage with Sun Life or any other carrier [the Appellee] ha[d] engaged since 2002 to provide group life insurance coverage to [its] employees." The Appellee mistakenly withheld insurance premium payments of $13.41 from each of Mr. Browning's paychecks for the Sun Life optional policy coverage from November 1, 2002, through September 2012. Jacobs explained that the mistake was a clerical error and that the clerk responsible for the error had been fired.

After a hearing, the trial court granted the Appellee's motion for summary judgment as to the breach of contract claim, ruling that the claim was barred by

sovereign immunity. It also noted in its order that the Appellant had withdrawn her negligence claim prior to the trial court's ruling.[6] This appeal followed.

> On appeal from the denial or grant of summary judgment, the appellate court conducts a de novo review of the evidence to determine whether there is a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law.[7]

With these guiding principles in mind, we turn now to the Appellant's specific claims of error.

The Appellant argues that the trial court erred in granting the Appellee's motion for summary judgment under the doctrine of sovereign immunity. Specifically, the Appellant contends the Appellee waived its sovereign immunity by withholding insurance premiums from Mr. Browning's paycheck, thus

---

[6] Although the appellate record does not contain an order allowing the Appellant to withdraw her negligence claim, the Appellant did not challenge the trial court's finding that she had withdrawn the claim in her enumerations of error on appeal and, therefore, there is nothing for this Court to review as to that claim. See Court of Appeals Rule 25 (a) (2); see also *Cobble v. State*, 268 Ga. App. 792, 794 (2) (603 SE2d 86) (2004) ("Both this Court and the Supreme Court of Georgia have made it clear that . . . arguments raised in the appellate brief are not made issues on appeal unless they are properly enumerated as error.") (punctuation and footnote omitted).

[7] *Drumm*, 345 Ga. App. at 761 (citation and punctuation omitted).

5

acknowledging he had a valid contract with the Appellee for life insurance benefits under the optional policy at the time of his death. We disagree.

"To constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can operate."[8] "A contract is not complete and enforceable until there is a meeting of the minds as to all essential terms."[9]

The doctrine of sovereign immunity "protects all levels of governments from legal action unless they have waived their immunity from suit."[10] "In order to avoid the bar of sovereign immunity and maintain an action against a county for breach of contract, a plaintiff must show that the contract sought to be enforced is in writing."[11]

---

[8] OCGA § 13-3-1.

[9] *Ga. Dept. of Community Health v. Data Inquiry, LLC*, 313 Ga. App. 683, 685-686 (1) (a) (722 SE2d 403) (2012) (citation and punctuation omitted).

[10] *Drumm*, 345 Ga. App. at 762 (citation and punctuation omitted); see also Ga. Const. of 1983, Art. IX, Sec. II, Par. IX ("The General Assembly may waive the immunity of counties, municipalities, and school districts by law."); *Gilbert v. Richardson*, 264 Ga. 744, 747 (2) (452 SE2d 476) (1994) (Counties of the State of Georgia are included in the reservation of sovereign immunity.).

[11] *Merk v. DeKalb County*, 226 Ga. App. 191 (486 SE2d 66) (1997) (citing Ga. Const. of 1983, Art. I, Sec. II, Par. IX); see also *Layer v. Barrow County*, 297 Ga. 871

"An implied contract will not support a waiver of immunity under the provisions of the Georgia Constitution."[12] Further,

> [g]eneral rules of contract law that might otherwise support a claim for breach of contract damages between private parties. . . will not support a claim against the state or one of its agencies if the contract is not in writing so as to trigger the waiver of sovereign immunity.[13]

In the instant action, the trial court stated in its order granting the Appellee's motion for summary judgment, that "[n]o written contract between Mr. Browning and [the Appellee] exist[ed] in which the [Appellee] agreed to provide voluntary life insurance coverage to him. [The Appellant] cannot produce such an agreement. [The Appellee] did its due diligence and cannot produce such an agreement either."

The Appellant's assertion that multiple signed, contemporary agreements involving the same parties is evidence of the existence of the required written contract[14] is unavailing, as the evidence in this case was insufficient to show a written

---

(1) (778 SE2d 156) (2015) ("As a general rule, counties enjoy sovereign immunity.").

[12] *Drumm*, 345 Ga. App. at 762 (citation and punctuation omitted).

[13] *Ga. Dept. of Labor v. RTT Assoc.*, 299 Ga. 78, 82 (2) (786 SE2d 840) (2016) (citation omitted).

[14] See *Ga. Dept. of Community Health*, 313 Ga. App. at 686 (1) (b) (A court may find that a written contract was formed "when there are multiple signed,

contract formed from multiple documents.[15] Even if that principle applied here, the documents in the record do not meet the standard for constituting a written contract.[16]

The record contains a copy of Mr. Browning's completed enrollment form for the standard policy for the 2010-2011 fiscal year and a summary of benefits elected by Mr. Browning for 2012 that purports to show Mr. Browning was enrolled in the optional policy at that time. The summary of benefits is not a written contract between the Appellee and Mr. Browning however, because it is not signed by either party and does not show the assent of the parties to the contract or contain any terms other than the monthly premium.[17] Further, despite the Appellant's assertion to the contrary, the erroneous payroll deductions for the optional policy premiums did not

---

contemporaneous agreements between the parties which demonstrate their intent to enter into a binding contract and the individual documents, considered together, include all of the necessary terms of a contract.") (citation omitted).

[15] *RTT Assoc.*, 299 Ga. at 86 (2) ("[T]he application of general provisions of contract law cannot be applied by the courts to create a waiver of sovereign immunity by means other than by written contract.") (punctuation omitted).

[16] See *Ga. Dept. of Community Health*, 313 Ga. App. at 686 (1) (a).

[17] See OCGA § 13-3-1; see *Drumm*, 345 Ga. App. at 763.

create a written contract, i.e., a contract by estoppel, because estoppel is not recognized as a cause of action under Georgia law.[18]

Thus, the record does not contain a completed enrollment form signed by Mr. Browning for the election of coverage under the optional policy provided by Sun Life, the Appellee's current insurance carrier. Based on the foregoing, the trial court did not err in granting summary judgment in favor of the Appellee.

*Judgment affirmed. Barnes, P. J., and McMillian, J., concur.*

---

[18] See *Wilson v. Keheley & Co.*, 177 Ga. App. 769, 770 (2) (341 SE2d 245) (1986) (Affirmed the trial court's judgment that a contract for the payment of life insurance benefits was not created when an employer made erroneous payroll deductions for life insurance premiums from an employee who declined to enroll in the life insurance plan.).