McMillian, Judge, dissenting.
Because I believe that under governing Supreme Court precedent, the scratch off lottery ticket that Patel presented is at most evidence of an implied contract, and an express written contract is required to waive GLC's sovereign immunity, I must respectfully dissent.
The Georgia Constitution provides:
The state's defense of sovereign immunity is hereby waived as to any action ex contractu for the breach of any written contract now existing or hereafter entered into by the state or its departments and agencies.
Ga. Const. of 1983, Art. I, Sec. II, Par. IX (c). Recently, in Ga. Dept. of Labor v. RTT Assoc., Inc. , 299 Ga. 78, 83 (2), 786 S.E.2d 840 (2016), our Supreme Court explained the relationship between common law rules of contract and what constitutes a written contract sufficient to waive sovereign immunity:
General rules of contract law that might otherwise support a claim for breach of contract damages between private parties ... will not support a claim against the state or one of its agencies if the contract is not in writing so as to trigger the waiver of sovereign immunity.
Id. at 82 (2), 786 S.E.2d 840. Thus, a party may not recover for breach of contract against the State based on an implied contract, on a theory of quantum meruit, or by the parties' course of conduct even if a document exists supplying the material terms of the alleged contract. Id. at 82-83 (2), 786 S.E.2d 840.
Particularly pertinent, the Supreme Court relied favorably on Bd. of Regents of Univ. Sys. of Ga. v. Tyson , 261 Ga. 368, 369 (1), 404 S.E.2d 557 (1991), finding that "even if a contract with a state agency is formed by the parties' conduct, if it is not a written contract the state's sovereign immunity is not waived" and that a breach of *535 contract action against the State cannot be based on multiple unsigned documents that do not establish the necessary terms of a contract. RTT Assoc. , 299 Ga. at 82 (2), 786 S.E.2d 840. See also Wilson v. Bd. of Regents of Univ. Sys. of Ga. , 262 Ga. 413, 414 (2), 419 S.E.2d 916 (1992) (finding the Board of Regents did not enter into a written contract based on the consent form and ambulatory surgery patient agreement that plaintiff signed before her operation); Browning v. Rabun County Bd. of Commissioners , 347 Ga.App. 719, 722-23, 820 S.E.2d 737 (2018) (summary of benefits was not a written contract between the parties where it was not signed by either party and does not show the assent of the parties to the contract); Bd. of Regents of Univ. Sys. of Ga. v. Ruff , 315 Ga.App. 452, 457 (2), 726 S.E.2d 451 (2012) (where none of the writings produced by the plaintiff were signed by a representative of the Board of Regents, plaintiff was unable to establish a written contract), overruled on other grounds by Rivera v. Washington , 298 Ga. 770, 778, n.7, 784 S.E.2d 775 (2016).
The Supreme Court's analysis in these cases shows that the Court means what it *391 says when it has cautioned that "[t]he doctrine of sovereign immunity requires that the conditions and limitations of the statute that waives immunity must be strictly followed." (Citation and punctuation omitted.) RTT Assoc., 299 Ga. at 83 (2), 786 S.E.2d 840. Here, our legislature has defined a lottery ticket as "any tangible evidence issued by the lottery to provide participation in a lottery game," OCGA § 50-27-3 (24), so it is entirely consistent for the rules of the game to be printed on the ticket.[1] Although these rules may also be deemed contractual terms, that does not mean that it is a written contract for sovereign immunity purposes as the ticket is only evidence of Patel's participation in the lottery and thus is at most evidence of an implied contract. The lottery ticket is not signed by a representative of the GLC, nor are there any other documents that Patel has pointed to that fit within how our Supreme Court has described written contracts sufficient to waive sovereign immunity. See Layer v. Barrow County , 297 Ga. 871, 871-72 (1), 778 S.E.2d 156 (2015) (sovereign immunity will bar a lawsuit for damages upon quasi-contractual theories of liability in the absence of a written contract). *536 Accordingly, I would find that the trial court erred in denying the GLC's motion to dismiss on grounds of sovereign immunity and reverse.[2]

Although it is true that under the common law, the "construction, interpretation and legal effect of a contract is a question for the court to decide," Ga. Kraft Co. v. Rhodes , 257 Ga. 469, 472 (2), 360 S.E.2d 595 (1987), when considering whether sovereign immunity has been waived, the Supreme Court has held that "[o]nly the General Assembly, and not the courts, has authority to waive sovereign immunity." RTT Assoc. , 299 Ga. at 85 (2), 786 S.E.2d 840. Thus, I find the legislature's definition of lottery ticket to be highly probative.

Patel argues that if her breach of contract claims are barred by sovereign immunity, she would have no recourse, but sovereign immunity does not bar mandamus relief. See SJN Properties, LLC v. Fulton County Bd. of Assessors , 296 Ga. 793, 799 (2) (b), 770 S.E.2d 832 (2015). For mandamus relief, a claimant must show that "(1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the applicant has a clear legal right to such relief." (Citation and punctuation omitted.) Id. at 800 (2) (b) (ii), 770 S.E.2d 832.