**FOURTH DIVISION
DILLARD, P. J.,
RICKMAN and BROWN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).**

**April 15, 2020**

# In the Court of Appeals of Georgia

A20A0602. GWINNETT COUNTY, GA v. ASHBY.

DILLARD, Presiding Judge.

We granted Gwinnett County's application for an interlocutory appeal to determine whether the trial court erred in denying its motion to dismiss Twynette Ashby's action to recover for personal injuries on the ground that her suit was barred by sovereign immunity. Because we agree with the County, we reverse.

Ashby filed suit against the County, its Board of Commissioners, the Lawrenceville Youth Athletic Association, John Does 1-3, and XYZ Corporations 1-3 on April 23, 2019. Ashby alleged that on July 26, 2017, she attended her son's football practice at a baseball field in Rhodes Jordan Park in Lawrenceville, which is located in Gwinnett County. Ashby was walking near the bleachers when her foot slipped into an uncovered drain, which caused her to fall and sustain "severe personal

injuries." She claimed that the fall resulted from the defendants negligently maintaining or repairing the drain and failing to warn of the dangerous condition. As a result, she asserted that the County was vicariously liable for the negligent acts of its agents or employees (*i.e.*, John Does 1-3 and XYZ Corporations 1-3).

The County answered and contended, *inter alia*, that Ashby's claims were barred by sovereign immunity, and subsequently moved to dismiss her suit on this ground. In response, Ashby argued that OCGA § 50-21-23 waived the County's immunity from suit and, additionally, that such immunity was waived under the Recreational Property Act.[1] More specifically, Ashby alleged—in response to the motion to dismiss—that the County charged her a fee for using the park for recreational purposes because she paid for her son to participate on the football team and use the park for practice.[2] Without any explanation, the trial court denied the County's motion to dismiss on the ground of sovereign immunity.[3] But the court did

---

[1] *See* OCGA § 51-3-20 ("The purpose of this article is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting the owners' liability toward persons entering thereon for recreational purposes.").

[2] Ashby did not allege in her complaint that she was charged any such fee.

[3] The trial court granted the motion to dismiss filed by the Board of Commissioners on the ground that it was not a proper party defendant. Ashby

2

issue a certificate of immediate review, and we granted the County's application for interlocutory appeal. This appeal follows.

We review a trial court's ruling on a motion to dismiss based on sovereign immunity *de novo* because it is a matter of law.[4] Of course, the trial court's factual findings will be sustained if there is evidence to support them, and the party seeking

---

conceded that this decision was correct. As a result, the Board is not a named party to this appeal, and we are not faced with any question as to its dismissal.

[4] *See, e.g.*, *Ga. Dep't of Nat'l Res. v. Ctr. for a Sustainable Coast, Inc.*, 294 Ga. 593, 596 (2) (755 SE2d 184) (2014) ("Turning to the issue of sovereign immunity, our review of this question of law is de novo."); *Fulton Cty. Sch. Dist. v. Jenkins*, 347 Ga. App. 448, 449 (820 SE2d 75) (2018) ("This Court reviews *de novo* a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law." (punctuation omitted)); *Williams v. Wilcox State Prison*, 341 Ga. App. 290, 291 (799 SE2d 811) (2017) ("We begin by noting that this Court reviews *de novo* a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law." (punctuation omitted)); *see also Handberry v. Stuckey Timberland, Inc.*, 345 Ga. App. 191, 191 (812 SE2d 547) (2018) ("On appeal of a trial court's ruling on a motion to dismiss, our review is de novo.").

the waiver of immunity has the burden of proof.[5] With these guiding principles in mind, we turn to the County's claim of error.

Sovereign immunity protects all levels of governments from "legal action unless they have waived their immunity from suit."[6] Any suit against the State that is barred by sovereign immunity is subject to dismissal under OCGA § 9-11-12 (b)

---

[5] *See, e.g.*, *Ga. Dept. of Labor v. RTT Assoc., Inc.*, 299 Ga. 78, 81 (1) (786 SE2d 840) (2016) ("The burden of demonstrating a waiver of sovereign immunity rests upon the party asserting it."); *Bd. of Regents of Univ. Sys. of Ga. v. Daniels*, 264 Ga. 328, 328 (446 SE2d 735) (1994) (explaining that the party seeking to benefit from the waiver of sovereign immunity has the burden of proving waiver); *Jenkins*, 347 Ga. App. at 449 ("The trial court's factual findings will, of course, be sustained if there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity." (punctuation omitted)); *Williams*, 341 Ga. App. at 290 (same).

[6] *Cameron v. Lang*, 274 Ga. 122, 126 (2) (549 SE2d 341) (2001); *accord Drumm v. George*, 345 Ga. App. 760, 762 (814 SE2d 575) (2018); *Watts v. City of Dillard*, 294 Ga. App. 861, 862 (1) (670 SE2d 442) (2008); *see Ctr. for Sustainable Coast*, 294 Ga. at 599 (2) ("[T]he plain language of [Ga. Const. Art. I, Sec. II, Par. IX (e)] explicitly bars suits against the State or its officers and employees sued in their official capacities, until and unless sovereign immunity has been waived by the General Assembly." (footnote omitted)).

(1) for lack of subject-matter jurisdiction.[7] And like the State, counties too enjoy sovereign immunity.[8]

Sovereign immunity is only waived by an act of the General Assembly specifically providing for waiver and delineating the extent of that waiver.[9] Likewise, OCGA § 36-1-4 provides that "[a] county is not liable to suit for any cause of action unless made so by statute."[10] Accordingly, a county's immunity is "complete unless

---

[7] *See Conway v. Jones*, 353 Ga. App. 110, 111 (1) (836 SE2d 538) (2019) ("Any suit against the State barred by sovereign immunity is subject to dismissal [under] OCGA § 9-11-12 (b) (1) for lack of subject matter jurisdiction." (punctuation omitted)); *Bd. of Trustees of Ga. Military College v. O'Donnell*, 352 Ga. App. 651, 653 (1) (835 SE2d 688) (2019) (same); *Dep't of Pub. Safety v. Johnson*, 343 Ga. App. 22, 23 (806 SE2d 195) (2017) (same); *see also Bd. of Regents of the Univ. Sys. of Ga. v. Myers*, 295 Ga. 842, 845 (764 SE2d 543) (2014) ("If the ante litem notice requirements are not met, then the State does not waive sovereign immunity, and therefore, the trial court lacks subject matter jurisdiction.").

[8] *See Layer v. Barrow Cty.*, 297 Ga. 871, 871 (1) (778 SE2d 156) (2015) ("As a general rule, counties enjoy sovereign immunity."); *accord Conway*, 353 Ga. App. at 111 (1).

[9] *See* GA. CONST. of 1983, Art. I, Sec. II, Par. IX (e) ("The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver."); *accord Dep't of Human Servs. v. Duncan*, 351 Ga. App. 332, 334 (831 SE2d 4) (2019).

[10] *See also Davis v. Effingham Cnty. Bd. of Comm.*, 328 Ga. App. 579, 582 (1) (a) (760 SE2d 9) (2014) ("A negligence claim against the state or its subdivisions, including counties, is barred unless waived by statute.").

waived by statute, and includes protection from suits involving claims of negligence."[11]

To that end, Ashby's assertion that the County's immunity was waived by OCGA § 50-21-23 is unavailing. That code section provides, in relevant part:

> The state waives its sovereign immunity for the torts of state officers and employees while acting within the scope of their official duties or employment and shall be liable for such torts in the same manner as a private individual or entity would be liable under like circumstances; provided, however, that the state's sovereign immunity is waived subject to all exceptions and limitations set forth in this article. The state shall have no liability for losses resulting from conduct on the part of state officers or employees which was not within the scope of their official duties or employment.[12]

But OCGA § 50-21-22 (5) specifically *excludes* counties from the definition of "state" for purposes of the Georgia Tort Claims Act.[13] So, even though Ashby

---

[11] *Rutherford v. DeKalb Cty.*, 287 Ga. App. 366, 367-68 (1) (651 SE2d 771) (2007); *see Gilbert v. Richardson*, 264 Ga. 744, 754 (7) (452 SE2d 476) (1994) ("A county may be liable for a county employee's negligence in performing an official function to the extent the county has waived sovereign immunity."); *Russell v. Barrett*, 296 Ga. App. 114, 120 (2) (673 SE2d 623) (2009) (same).

[12] OCGA § 50-21-23 (a).

[13] *See* OCGA § 50-21-22 (5) ("'State' means the State of Georgia and any of its offices, agencies, authorities, departments, commissions, boards, divisions,

suggests that her suit against the John Doe and XYZ Corporation defendants as county employees somehow waives sovereign immunity, it is well established that "county officers sued in their official capacities—since a suit against a county officer in her official capacity is a suit against the county itself—enjoy the same sovereign immunity."[14] Likewise, Ashby's assertion that the County waived sovereign immunity to the extent of its liability coverage is without merit because there is no assertion that a County motor vehicle was involved.[15]

Finally, we also disagree with Ashby's contention that the County waived sovereign immunity under the Recreational Property Act when it charged a fee for her son's participation in football. The *codified* purpose of the Recreational Property Act

_____

instrumentalities, and institutions, *but does not include counties*, municipalities, school districts, other units of local government, hospital authorities, or housing and other local authorities." (emphasis supplied)).

[14] *Layer*, 297 Ga. at 871 (1); *accord Conway*, 353 Ga. App. at 111 (1); *see Gilbert*, 264 Ga. at 754 (7) (holding that county official sued in official capacity was entitled to the benefit of the County's sovereign immunity).

[15] *See, e.g.*, *Gilbert*, 264 Ga. at 748-49 (4) (explaining that "a county waives its governmental immunity to the extent of the amount of liability insurance purchased for the negligence of its officers, agents, servants, attorneys, or employees arising from the *use* of a motor vehicle" (emphasis supplied)); *Nichols v. Prather*, 286 Ga. App. 889, 893-94 (2) (650 SE2d 380) (2007) (holding that county employees sued in their official capacity were entitled to sovereign immunity, but sovereign immunity was waived by the purchase of *automobile liability insurance*).

is "to encourage both public and private landowners to make their property available to the public for recreational purposes by limiting the owners' liability."[16] And to this end, it provides, *inter alia*, that

> [e]xcept as specifically recognized by or provided in Code Section 51-3-25, an owner of land who either directly or indirectly invites or permits *without charge* any person to use the property for recreational purposes does not thereby . . . [a]ssume responsibility for or incur liability for any injury to person or property caused by an act of omission of such persons.[17]

But as we have previously explained, the Recreational Property Act does *not* create a statutory waiver of a county's sovereign immunity.[18]

---

[16] *S. Gwinnett Athletic Ass'n Inc. v. Nash*, 220 Ga. App. 116, 117 (1) (469 SE2d 276) (1996); *see* OCGA § 51-3-20 ("The [codified] purpose of this article is to encourage owners of land to make land and water areas available to the public for recreational purposes by limiting the owners' liability toward persons entering thereon for recreational purposes.").

[17] OCGA § 51-3-23 (3) (emphasis supplied).

[18] *See Norton v. Cobb Cty.*, 284 Ga. App. 303, 305-06 (1) (643 SE2d 803) (2007) (physical precedent only in Div. 2-3) (concluding that trial court incorrectly found an implied waiver of sovereign immunity in the Recreational Property Act); *see also DeKalb State Ct. Probation Dep't v. Currid*, 287 Ga. App. 649, 653 (1) (653 SE2d 90) (2007) ("In *Norton*, we considered . . . the Recreational Property Act, and . . . found no statutory waiver of sovereign immunity in an act that allowed personal injury actions resulting from wilful or malicious behavior." (footnotes omitted)). Moreover, and as an aside, the "charge" that Ashby alleges she paid is not the type

Accordingly, because Ashby did not establish that the County waived its sovereign immunity, the trial court erred in denying the County's motion to dismiss on this ground, and we reverse its ruling.

*Judgment reversed. Rickman and Brown, JJ., concur.*

---

that would permit her to recover under the Act anyway. *See* OCGA § 51-3-21 (1) ("'Charge' means the admission price or fee asked in return for invitation or permission to enter or go upon the land."); *Nash*, 220 Ga. App. at 117-18 (1) ("In the current case, the Association charges a little league registration fee, although this fee is waived as to any child in need of free service. The fee covers expenses such as uniforms for the children, umpires, lights, water and sanitation. Because the fee is needed to defray the costs of operating the league, and is not an admission price required for permission to enter onto the land, it is not a charge to the public as contemplated by the Act.").