**FIFTH DIVISION**
**REESE, P. J.,**
**MARKLE and COLVIN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**February 23, 2021**

# In the Court of Appeals of Georgia

A20A2045. PATRICK v. BOARD OF REGENTS OF THE UNIVERSITY OF GEORGIA.

REESE, Presiding Judge.

Valorie Patrick sued the Board of Regents of the University System of Georgia (the "Board") for breach of contract after she was dismissed from Valdosta State University's nursing program. The trial court dismissed her suit, finding that it was barred by sovereign immunity. On appeal, Patrick argues that her admission letter, Valdosta's graduate student handbook, and the university student handbook, taken together, constitute a written contract that waives sovereign immunity. We disagree, and for the reasons set forth infra, affirm the trial court's dismissal of her complaint.

The facts relating to the issue of sovereign immunity are largely undisputed.[1] In 2013, Patrick received an acceptance letter from Valdosta's graduate school of nursing. The one-page letter was signed by the interim dean of the school. It informed Patrick: "You are responsible for familiarizing yourself with the regulations of your department of study and those of the Graduate School. You can find the Graduate School policies in the *Graduate School Catalog*." The graduate school catalog contained an academic grievance section, which set forth the grievance and appeal procedure, and notified graduate students that they must also adhere to the regulations in the Valdosta student handbook.

Valdosta dismissed Patrick from the nursing program after she received a failing grade in a lab course. According to Patrick, she only received a failing grade because of problems in submitting assignments to the school online portal. Although Patrick filed several internal appeals at Valdosta, the school declined to change her grade. She later applied for readmission to the nursing program, but Valdosta rejected her application.

---

[1] "[W]here the underlying facts are undisputed, we review de novo the trial court's application of the law to the undisputed facts." *Grant v. Ga. Forestry Comm.*, 338 Ga. App. 146, 148 (1) (789 SE2d 343) (2016).

Patrick sued the Board, asserting three claims for breach of contract. She alleged that the Board: (1) failed to follow the appeal and readmission processes set forth in the student handbook; (2) dismissed her from the nursing program without a hearing, in violation of the social code from the student handbook; and (3) breached the "terms and conditions for [her] classes" by failing to maintain the online portal. The Board filed a motion to dismiss on the basis of sovereign immunity, which the trial court granted. This appeal followed.

"We review a trial court's ruling on a motion to dismiss based on sovereign immunity de novo because it is a matter of law."[2] Patrick has the burden of proof as the party seeking to demonstrate a waiver of sovereign immunity.[3] With these guiding principles in mind, we now turn to Patrick's sole claim of error.

Patrick argues that the trial court erred in finding that she did not have an express, written contract with the Board, which would waive the Board's sovereign immunity. Specifically, she contends that the graduate handbook, the student handbook, and the admission letter, taken together, constitute a binding contract with

[2] *Gwinnett County v. Ashby*, 354 Ga. App. 863, 864 (842 SE2d 70) (2020).

[3] See *Ga. Dept. of Labor v. RTT Assoc.*, 299 Ga. 78, 81 (1) (786 SE2d 840) (2016) ("The burden of demonstrating a waiver of sovereign immunity rests upon the party asserting it.").

the Board. She also argues that signatures from both parties are not required to create a contract waiving sovereign immunity.

"The doctrine of sovereign immunity, also known as governmental immunity, protects all levels of governments from legal action unless they have waived their immunity from suit."[4] Sovereign immunity applies to the Board.[5] However, the State has waived sovereign immunity for breach of a written contract.[6]

"General rules of contract law that might otherwise support a claim for breach of contract damages between private parties . . . will not support a claim against the state or one of its agencies if the contract is not in writing so as to trigger the waiver of sovereign immunity."[7] That is because "[t]he doctrine of sovereign immunity requires that the conditions and limitations of the statute that waives immunity be strictly followed[.]"[8] Thus, a party may not recover for breach of contract against the

---

[4] *Weaver v. City of Statesboro*, 288 Ga. App. 32, 33 (1) (653 SE2d 765) (2007) (citation and punctuation omitted).

[5] See *Wilson v. Bd. of Regents of Univ. System of Ga.*, 262 Ga. 413, 414 (3) (419 SE2d 916) (1992).

[6] See Ga. Const. of 1983, Art. I, Sec. II, Par. IX (c) and (e); OCGA § 50-21-1 (a).

[7] *RTT Assoc.*, 299 Ga. at 82 (2).

[8] Id. at 83 (2) (citation and punctuation omitted).

4

State based on an implied contract, on a theory of quantum meruit, or by the parties' course of conduct even if a document exists that would otherwise supply the material terms of the alleged contract.[9]

When determining if multiple documents form an express contract that waives sovereign immunity, "[a] valid written contract may be formed when there are multiple, signed, contemporaneous agreements between the parties which demonstrate their intent to enter into a binding contract and the individual documents, considered together, include all of the necessary terms of a contract."[10]

In this case, the acceptance letter, graduate handbook, and student handbook did not constitute a written contract that waived sovereign immunity. None of the documents were signed by both parties.[11] Additionally, the offer letter's statement to

---

[9] See id. at 82-83 (2).

[10] *Bd. of Regents of the Univ. System of Ga. v. Ruff*, 315 Ga. App. 452, 456 (726 SE2d 451) (2012) (footnote and punctuation omitted), overruled on other grounds by *Rivera v. Washington*, 298 Ga. 770, 778 & n.7 (784 SE2d 775) (2016).

[11] See *Browning v. Rabun County Bd. of Commrs.*, 347 Ga. App. 719, 722-723 (820 SE2d 737) (2018) (summary of benefits was not a written contract between the parties where it was not signed by either party and did not show the assent of the parties to the contract); *Ruff*, 315 Ga. App. at 456-457 (application to study abroad program, written refund policy, and study abroad manual did not waive sovereign immunity because they were not signed by the Board); *Bd. of Regents of the Univ. System of Ga. v. Barnes*, 322 Ga. App. 47, 50 (2) (743 SE2d 609) (2013) (unsigned

Patrick to "familiariz[e]" herself with the student handbooks and department regulations failed to demonstrate an intent by the Board for the student handbooks to become a binding contract.[12] At best, the conduct of Patrick and the Board might demonstrate the existence of an implied contract, but as noted previously, that is not enough to waive sovereign immunity.[13]

The only case Patrick cites to where this Court held that an unsigned writing waived sovereign immunity is *Ga. Lottery Corp. v. Patel*.[14] In that case, we held that a scratch-off lottery ticket constituted a written contract that waived sovereign

---

and unauthenticated student code of conduct and counseling center consent form signed only by the student did not constitute a written contract waiving sovereign immunity), overruled on other grounds by *Wolfe v. Regents of the Univ. System of Ga.*, 300 Ga. 223, 232 (2) (d) (794 SE2d 85) (2016).

[12] See *Carroll v. Bd. of Regents of the Univ. System of Ga.*, 324 Ga. App. 598, 602-603 (2) (751 SE2d 421) (2013) (unsigned emails and meeting minutes did not demonstrate an intent to modify written contract between the appellant and the Board); see also *Wilson v. Bd. of Regents of Univ. System of Ga.*, 262 Ga. 413, 414 (2) (419 SE2d 916) (1992) (holding that the Board did not enter into a written contract based on the consent form and ambulatory surgery patient agreement that plaintiff signed before her operation); *Bd. of Regents of Univ. System v. Tyson*, 261 Ga. 368, 369 (1) (404 SE2d 557) (1991) (consent to care form and other parts of the medical record, taken together, did not constitute contemporaneous writings forming a contract).

[13] See *RTT Assoc.*, 299 Ga. at 83 (2).

[14] 349 Ga. App. 529 (826 SE2d 385) (2019) (physical precedent only).

6

immunity.[15] However, *Patel* is not binding precedent.[16] Yet, even if *Patel* were binding, it is distinguishable for two reasons. First, our Court in that case applied case law addressing lottery tickets as "gambling contracts" between the state and the ticket holder.[17] Second, the terms printed on the lottery ticket, including the ticket price, how to win a prize, and the process for claiming prizes, more clearly indicated an intention to enter into a contract between the Georgia Lottery Corporation and the ticket holder than the documents referenced in this case.[18]

Accordingly, for the reasons stated above, Patrick did not demonstrate an express, written contract that waived sovereign immunity. We therefore affirm the trial court's order granting the Board's motion to dismiss.

*Judgment affirmed. Markle and Colvin, JJ., concur*.

---

[15] See id. at 532 (a).

[16] See Court of Appeals Rule 33.2 (a) (2).

[17] *Patel*, 349 Ga. App. at 531 (a) (punctuation omitted).

[18] Id. at 532 (a).